ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **MYRIAM HERNÁNDEZ**<br><br>Recurrente<br><br>v.<br><br>**YARIFF YAMIL FIGUEROA TORRES**<br><br>Recurrido | KLRA202500082 | **REVISIÓN** procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm:<br>**SAN-2024-0018547**<br><br>Sobre: Ley Núm. 5 de 23 abril de 1973 (Ley Orgánica de DACO) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 25 de febrero de 2025.

Comparece ante nos, por derecho propio, la señora Myriam Hernández (señora Hernández o recurrente) y solicita que revisemos la *Resolución* emitida el 22 de octubre de 2024 y notificada el 23 de octubre de 2024 por el Departamento de Asuntos del Consumidor (DACo). La misma declaró Ha Lugar a la querella presentada y se le ordenó a realizar un pago de $250.00 más el interés legal acumulado desde la fecha de notificación de la resolución hasta su cumplimiento al querellado Yariff Yamil Figueroa Torres (señor Figueroa Torres o querellado) a favor de la señora Hernández. A su vez, se desestimó la querella incoada contra la coquerellada Michou Luma Pierre Vil (señora Pierre Vil).

Luego del análisis cuidadoso del expediente y por las razones que expondremos a continuación, se desestima el recurso de revisión judicial por falta de jurisdicción.

**I.**

Según se desprende del expediente, el 17 de abril de 2024, la señora Hernández presentó la *Querella* de epígrafe contra el señor Figueroa Torres y la señora Pierre Vil. Su reclamo estaba amparado en la Ley Núm. 5 de 23 de abril de 1973, mejor conocida como la Ley Orgánica del DACo. Esencialmente, la querella emanó de la inconformidad con la estética de un trabajo realizado en la acera de su casa por el señor Figueroa Torres en calidad de contratista privado.

El 6 de agosto de 2024, el DACo emitió una *Orden* donde se desestimó la querella y se ordenó su cierre y archivo debido a que la señora Hernández no acudió a una vista administrativa pautada para ese día. La señora Hernández presentó una solicitud de reconsideración el 8 de agosto de 2024, la cual fue recibida ese mismo día por el DACo, bajo el fundamento de que no fue notificada sobre la vista mencionada.[1] El 12 de septiembre de 2024, el DACo acogió la reconsideración de la señora Hernández y dejó sin efecto la *Orden* anterior. Consecuentemente, se citó a las partes a una vista virtual a celebrarse el 1 de octubre de 2024. A esta, compareció la señora Hernández, más no así la parte querellada. Entonces, el DACo les anotó la rebeldía a los querellados.

Celebrada la vista, el DACo emitió la *Resolución* el 22 de octubre de 2024 en donde declaró Ha Lugar a la querella de la señora Hernández contra el querellado. En el dictamen, la agencia administrativa incluyó la advertencia siguiente:

> **Toda parte afectada por la presente Resolución podrá solicitar Reconsideración al DACO y/o acudir en Revisión Judicial ante el Tribunal de Apelaciones.** [...] Aquella parte que interese solicitar Reconsideración al DACo podrá hacerlo en el plazo de veinte (20) días contados a partir de la fecha de archivo en autos de la presente Resolución. En la alternativa, se podrá acudir directamente al Tribunal de

---

[1] Esta fue notificada a las partes querelladas el 8 de agosto de 2024 mediante correo certificado con acuse de recibo.

Apelaciones en Revisión Judicial, dentro del término de treinta (30) días desde el archivo en autos de la Resolución en cuestión. Los términos comprendidos en los presentes apercibimientos se computan a base de días naturales. (Énfasis en el original).

Además, añade la siguiente advertencia relevante para la controversia presentada en este caso:

[…]

Si el Departamento *dejare de tomar alguna acción en relación a la Moción de Reconsideración dentro de los* **quince (15) días** *de recibida, se considerará* **rechazada de plano**, *y el* **término de treinta (30) días para solicitar la Revisión Judicial al Tribunal de Apelaciones comenzará a contar** *a partir de ese momento*. (Énfasis suplido).

[…]

En desacuerdo con la cuantía otorgada por la agencia, el 29 de octubre de 2024, la señora Hernández solicitó una moción de reconsideración a los efectos de que se le ordenara la devolución de lo pagado por el trabajo realizado de $550.00.[2]

Transcurrido el término de rigor sin que la agencia recurrida actuara sobre su petitorio, la señora Hernández acude ante este Tribunal de Apelaciones. Aunque esta no incluyó señalamiento de error alguno, expresa su inconformidad con la determinación del DACo.

De acuerdo con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho". Así, prescindimos de la comparecencia de la parte recurrida.

---

[2] Según surge del expediente, la señora Hernández le adelantó $250.00 en efectivo al querellado y los restantes $300.00 fueron requeridos por el señor Figueroa Torres el 22 de marzo de 2024, mismo día en que realizó el trabajo; este le indicó que se los debía proporcionar a la señora Pierre Vil a través de la aplicación ATH Móvil. Así lo hizo la recurrente. Al llegar a la propiedad, ya que esta estaba fuera de su casa mientras el señor Figueroa Torres realizaba la labor, la señora Hernández se percató de que el trabajo no vislumbraba el resultado esperado. La recurrente sostiene que el cometido ejecutado deslustra la estética de su acera y de la estructura en general por sus desperfectos.

**II.**

**A.**

La Sección 3.15 de la Ley Núm. 38-2017, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9655 (LPAU), regula la moción de reconsideración en las agencias administrativas. Esta expone que la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro de un término de veinte (20) días desde el archivo en autos de la notificación del dictamen, presentar una moción de reconsideración sobre este:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. **Si la rechazare de plano o no actuare dentro de los quince (15) días, el *término para solicitar revisión comenzará a correr nuevamente* desde que se notifique dicha denegatoria o *desde que expiren esos quince (15) días*,** según sea el caso. (Énfasis nuestro).

El término de la moción de reconsideración es de cumplimiento estricto, al igual que el de la notificación de esta a las demás partes. *Febles v. Romar*, 159 DPR 714, 721 (2003); *Lagares v. E.L.A.*, 144 DPR 601, 618-619 (1997):

> [El] término para notificar una moción de reconsideración a las demás partes es uno de cumplimiento estricto y que ésta debe notificarse dentro del término que establece la Sec. 3.15 de la L.P.A.U., *supra*, para presentar la reconsideración, es compatible con el procedimiento administrativo. Por lo tanto, extendemos la aplicación de dicha norma a la reconsideración administrativa de la Sec. 3.15 de la L.P.A.U., *supra*.

Así, la presentación de la moción de reconsideración y su correspondiente notificación a las partes involucradas debe hacerse dentro de ese término de veinte (20) días establecido por la Sección 3.15 de la LPAU, *supra*.

La Sección 4.2 LPAU, 3 LPRA sec. 9672, establece que se puede solicitar la revisión judicial de decisiones administrativas. La parte perjudicada tiene un término *jurisdiccional* de treinta (30) días a partir del archivo de la notificación para presentarla:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

Un término jurisdiccional es aquel que es "fatal, improrrogable e insubsanable". *Caro v. Cardona*, 158 DPR 592, 608 (2003). Una vez transcurra un término de esta naturaleza sin que se haya recurrido al tribunal apelativo correspondiente, la sentencia o resolución se convierte en "final, firme e inapelable, ya que el foro apelativo … no tiene jurisdicción para resolver el recurso en sus méritos". *Íd.*

**B.**

Las partes deben cumplir a cabalidad con las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los recursos. *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015). Como es necesario colocar a los tribunales apelativos en posición de resolver correctamente las controversias que se traen ante ellos, un expediente completo que las esboce claramente es imperativo para la resolución justa de los casos. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). Si no se observan las disposiciones reglamentarias para el perfeccionamiento, procede la desestimación del recurso incoado. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); véase la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra*,

que puntualiza que el recurso debe ser presentado dentro del término jurisdiccional de treinta (30) días contados desde la fecha del archivo en autos de la copia de la notificación de la orden o resolución final dictada por un organismo o instrumentalidad.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022), citando a *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). De este modo, "la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia". *Allied Mgmt. Group, v. Oriental Bank*, 204 DPR 374, 386 (2020). Así, un tribunal no puede asumir jurisdicción donde no la tiene. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

Los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben ser resueltos prioritariamente. *Arraiga v. F.S.E.*, 145 DPR 122, 127, citando a *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950) y *López v. Pérez*, 68 DPR 312, 315 (1948); *S.L.G. Szendrey-Ramos. v. F. Castillo, supra*.

Un tribunal carece de jurisdicción para adjudicar una controversia si el recurso es presentado tardíamente o luego de la expiración del término para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). La presentación tardía de un recurso priva de jurisdicción al tribunal recurrido e impide que la parte lo pueda presentar de nuevo ante cualquier foro. *Íd.*; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Como la desestimación es una medida severa, los foros apelativos debemos asegurarnos de que el quebrantamiento de los postulados establecidos ha provocado un impedimento real y meritorio para que se considere el caso en los méritos. Entonces, solo si se cumple con este parámetro, procede la desestimación. *Román et als. v. Román et als.*, 158 DPR 163, 167-168 (2002).

De esta manera, la única vía ante una presentación tardía de un recurso de revisión judicial al Tribunal de Apelaciones es la desestimación, ya que la falta de jurisdicción es insubsanable. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009), citando a *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).

**III.**

En el presente recurso, atenderemos con primacía el asunto jurisdiccional que surge del expediente. Ello, relacionado a la presentación tardía del recurso de revisión judicial bajo nuestra consideración.

Según esbozado, el DACo notificó la *Resolución* impugnada el 23 de octubre de 2024. La agencia le advirtió a la recurrente que, si interesaba solicitar reconsideración, debía hacerlo dentro del término de veinte (20) días, mismo plazo que tenía para notificar a la otra parte.[3] La recurrente envió su reconsideración al DACo y la correspondiente notificación al querellado el 29 de octubre de 2024, la cual fue recibida por la agencia el 1 de noviembre de 2024. Al no recibir respuesta del DACo en quince (15) días luego de instar su moción de reconsideración, y conforme a la Sección 3.15 de la LPAU, *supra,* comenzó a decursar el término para recurrir en revisión judicial a este Foro.[4]

El término jurisdiccional para instar el recurso para revisar el dictamen administrativo comenzó a transcurrir el 16 de noviembre de 2024. Así, tenía hasta el 16 de diciembre de 2024 para incoar la respectiva revisión judicial. Al presentarlo el 6 de febrero de 2025, indiscutiblemente se hizo de forma tardía, lo que nos priva de jurisdicción para atenderlo en sus méritos.

---

[3] Véase Regla 29.1 del Reglamento de Procedimientos Adjudicativos del DACo, Reglamento Núm. 8034, 13 de junio de 2011, págs. 30-31.
[4] *Íd.*

Ante lo dicho, carecemos de autoridad para intervenir y adjudicar la causa de epígrafe. Esto nos obliga a desestimar la causa de acción ante nuestra consideración, ya que es el único proceder adecuado porque la falta de jurisdicción ni puede ser subsanada ni el tribunal puede asumirla cuando no la tiene. *González v. Mayagüez Resort & Casino, supra.* Véase también la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso de revisión judicial de referencia por falta de jurisdicción debido a su presentación tardía.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones