Agustín E. Font, demandante y apelado, *v.* Pedro Antonio Echeandía Font, demandado y apelante.

Núm. 9367.—*Sometido:* Enero 16, 1947. *Resuelto:* Abril 22, 1947.

*Pedro E. Anglade,* abogado del apelante; *Héctor Reichard y Amador Ramírez Silva,* abogados del apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El demandado apelante, invocando los preceptos de la "Ley de Alquileres Razonables", aprobada por la Legisla-

tura el día 25 de abril de 1946, solicita que se decrete la suspensión del procedimiento de desahucio instado por el demandante, pendiente en apelación ante esta Corte, hasta la terminación de la emergencia declarada por dicha ley.

Se alega en la moción que el demandante Agustín E. Font radicó ante la Corte de Distrito de Aguadilla una demanda de desahucio para recobrar la posesión de un edificio-cine arrendado al demandado apelante por el canon de $140 mensuales, basándose el desahucio en que el demandante había dado por terminado el arrendamiento el 31 de octubre de 1945; que el edificio objeto del desahucio está dedicado a fines comerciales o sea a teatro para exhibiciones cinematográficas; que la corte inferior dictó sentencia a favor del demandante; y que el demandado apeló para ante el Tribunal Supremo.

El artículo 4 de la citada Ley de Alquileres Razonables provee que las disposiciones de dicha Ley se aplicarán, entre otras clases de propiedades de alquiler, a "(a) edificios y locales para negocios, y propósitos comerciales e industriales, y solares en que radican tales locales o edificios, si éstos pertenecen a distinto dueño." El artículo 12 de la misma Ley, en lo que es pertinente, dispone:

"Artículo 12.—*Mientras el inquilino pague el alquiler* básico o el alquiler razonable fijado por el Administrador, según fuere el caso, *no podrá el propietario promover la acción de desahucio* para recobrar la posesión de una vivienda . . . . , *o de una casa o edificación que se use para negocios,* oficinas profesionales *o propósitos comerciales* o industriales, *aunque haya expirado el término del contrato.* A los efectos de este Artículo se entenderá renovado el contrato por los plazos que estipule el Artículo 1471 del Código Civil durante todo el tiempo que dure la emergencia a que se refiere esta Ley.

"*      *      *      *      *      *      *

"Sólo podrá promoverse el desahucio contra inquilinos en los siguientes casos:

"(a) Cuando el inquilino no pague en los términos convenidos el alquiler básico o el alquiler razonable fijado por el Administrador,

según fuere el caso correspondiente a una o más de una mensualidad;

"*       *       *       *       *       *       *

"A partir de la fecha de vigencia de esta Ley *quedará en suspenso, hasta la terminación de la emergencia* declarada en la misma, *todo procedimiento de desahucio que no se ajuste a las causas, condiciones y términos fijados en esta Ley.*"   (Bastardillas nuestras.)

El artículo 27 dispone que, por ser de carácter urgente y necesaria, la Ley empezará a regir inmediatamente después de su aprobación, "Entendiéndose, sin embargo, que las disposiciones de esta Ley empezarán a regir en cuanto a cada una de las clases de propiedades de alquiler que se relacionan en el artículo 4 de la misma cuando así lo declare el Consejo Ejecutivo de Puerto Rico mediante resolución aprobada a ese efecto."

En julio 16 de 1946 el Consejo Ejecutivo de Puerto Rico aprobó una resolución disponiendo que a partir de las 12:01 a.m. del 17 de julio de 1946 entrarían en vigor las disposiciones de la Ley de Alquileres Razonables en cuanto a las propiedades de alquiler comprendidas en el inciso (*a*) del artículo 4 de dicha Ley o sea "edificios y locales para negocios, y propósitos comerciales e industriales."

La explotación y funcionamiento de un cinematógrafo para la exhibición de películas al público, mediante paga, es sin duda alguna un negocio y por lo tanto el edificio o local utilizado para la explotación de dicho negocio está comprendido dentro de las disposiciones del inciso (*a*) del artículo 4 de la Ley de Alquileres Razonables, supra.

El demandado apelante alega en su moción que él ha continuado depositando las mensualidades, a medida que las mismas van venciendo, en la Secretaría de la Corte Municipal de San Sebastián, de acuerdo con lo dispuesto por el artículo 18 de la Ley de Alquileres Razonables.   Esta alegación no ha sido controvertida por el demandante apelado.

El precepto del artículo 12, supra, es claro y terminante. Mientras el inquilino de una casa o edificación que se use

para negocios pague las mensualidades convenidas, el dueño del inmueble no podrá promover la acción de desahucio, "aunque haya expirado el término del arrendamiento." Y todo procedimiento de desahucio que estuviere pendiente en la fecha en que comenzó a regir la Ley, quedará en suspenso hasta que haya terminado la emergencia.

Estando aún pendiente el procedimiento instado por el demandante y no estando comprendido dicho procedimiento dentro de ninguna de las excepciones enumeradas en el artículo 12 de la Ley de Alquileres Razonables, *procede declarar con lugar la moción de suspensión del procedimiento hasta que haya terminado la emergencia declarada por la citada Ley. Y así se ordenará.*