Andrés López Silva, peticionario y apelado, *v.* Corte de Distrito de Bayamón, Hon. F. Gallardo Díaz, Juez, demandada; Julio Pérez Muñiz y Manuel Vélez, interventores y apelantes.

Núm. 9627.—*Sometido:* Enero 13, 1948. *Resuelto:* Marzo 5, 1948.

*Vicente Géigel Polanco,* abogado de los apelantes; *Samuel R. Quiñones,* abogado del apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En la demanda radicada ante la Corte Municipal de Vega Baja, el demandante Andrés López Silva alegó, en síntesis, que es dueño de una casa que adquirió por compra a María Josefa Lomba; que con anterioridad a la venta, la señora Lomba había cedido la casa en arrendamiento a José Alvarez, quien, sin el consentimiento de la arrendadora, la subarrendó a Julio Pérez Muñiz y Manuel Vélez, los demandados en la acción de desahucio; que el demandante no ha celebrado contrato de arrendamiento alguno con los demandados, quienes ocupan la casa sin su consentimiento y se han negado a desalojarla. La Corte Municipal dictó sentencia declarando con lugar la demanda. Los demandados apelaron para ante la Corte de Distrito de Bayamón y radicaron una fianza por la suma de $300 para responder de daños y perjuicios y costas.

En mayo 9 de 1947 los demandados apelantes, basándose en lo resuelto por este Tribunal en *Font* v. *Echeandía,* 67 D.P.R. 244, solicitaron de la Corte de Distrito una orden para la suspensión del procedimiento de desahucio hasta la terminación de la emergencia declarada por la Ley de Alquileres Razonables. Se opuso el demandante a la suspensión solicitada, alegando: (*a*) que la corte carecía de jurisdicción, porque la fianza no fué notificada al deman-

dante apelado, ni fué aprobada por la corte de distrito, y adolece del defecto de no haber sido jurada por los fiado-res, según lo requiere el artículo 355 del Código de Enjuiciamiento Civil; y (*b*) que de acuerdo con el inciso (*c*) del artículo 12 de la Ley de Alquileres Razonables no procede la suspensión del procedimiento "cuando el arrendatario subarriende la propiedad objeto del arrendamiento sin la autorización o consentimiento del dueño o arrendador." En junio 24 de 1947 la corte inferior decretó la suspensión del procedimiento y ordenó la devolución de los autos a la Corte Municipal. Habiéndose negado la corte inferior a reconsiderar dicha orden de suspensión, el demandante acudió ante el Juez Asociado de este Tribunal, Sr. Marrero, actuando en funciones de turno, en solicitud de un auto de *certiorari*, alegando que la corte inferior erró al no resolver la cuestión jurisdiccional que le fué planteada y al decretar la suspensión del procedimiento. Expedido el auto y oídas las partes, en septiembre 24 de 1947 el señor Juez Asociado de Turno dictó sentencia anulando la orden recurrida y devolviendo el caso a la corte inferior para ulteriores procedimientos no inconsistentes con la opinión emitida en la misma fecha. No estuvieron conformes los demandados interventores e interpusieron el presente recurso.

 De la opinión emitida por el juez recurrido copiamos lo que sigue:

"De acuerdo con el artículo 631 del Código de Enjuiciamiento Civil, Ed. de 1933, según ha sido enmendado por la Ley núm. 170 de 9 de mayo de 1942, pág. 889, cuando en un procedimiento de desahucio se dicta sentencia contra un demandado no se admite a éste el recurso de apelación a no ser que preste una fianza a satisfacción del tribunal, para responder a la parte demandante de los daños y perjuicios que la apelación pueda irrogarle. Según ese artículo, cuando el desahucio se basa en falta de pago de los cánones, podrá consignarse por el demandado en secretaría el importe del precio de la deuda hasta la fecha de la sentencia. Empero, las partes en este caso no insisten en que el presente sea un desahucio por falta de pago.

"Dentro del término concedido por la ley para apelar para ante la Corte de Distrito (art. 630 del Código, supra) los demandados prestaron ante la Corte Municipal de Vega Baja sendas fianzas, las que, según se desprende de los autos que tenemos a la vista, no contienen prima facie la declaración jurada o justificación de garantía requeridos por el artículo 355 del Código de Enjuiciamiento Civil. Este Tribunal ha resuelto reiteradamente que la prestación de tal fianza por el demandado en debida forma es un requisito previo, sin cuyo cumplimiento el tribunal para ante el cual se apela no adquiere jurisdicción. *Oliver* v. *Soto,* 57 D.P.R. 418; *Suau* v. *Pol,* 51 D.P.R. 445; *Pol* v. *Corte,* 48 D.P.R. 379, y *Del Castillo* v. *Del Castillo,* 44 D.P.R. 554. También ha dicho que declarada nula e ineficaz la fianza prestada, el recurso de apelación cae por su base (*Fabián* v. *Rodríguez,* 53 D.P.R. 448) ; que en las fianzas que han de prestarse en estos procedimientos los fiadores están obligados a prestar el juramento a que alude el artículo 355, supra, (*Molinary* v. *Aponte, Juez,* 14 D.P.R. 526) y que una fianza defectuosa no puede ser subsanada después de transcurrido el término para apelar (*Sucn. Belaval* v. *Acosta,* 64 D.P.R. 109).

"Las cuestiones de jurisdicción son privilegiadas y deben ser resueltas con preferencia a cualesquiera otras por las cortes ante las cuales se suscitan. Es más, cuando sin que ninguna de las partes le llame la atención a ese respecto un tribunal se da cuenta de que carece de jurisdicción, éste puede *sua sponte* levantar y decidir la cuestión, y al determinar que carece de jurisdicción lo único que debe hacer es así declararlo. Desde luego, si de una apelación se trata, entonces su deber es desestimar el recurso por falta de jurisdicción. *Santana* v. *Salinas,* 54 D.P.R. 116; *Oller* v. *López,* 42 D.P.R. 697; *Nadal* v. *American Railroad Co.,* 19 D.P.R. 1080; *Texidor* v. *Mollfulleda,* 15 D.P.R. 749, y *American Railroad Co.* v. *Hernández,* 8 D.P.R. 516.

"Es cierto que en este caso con posterioridad al archivo de la moción solicitando que la corte de distrito se declarase sin jurisdicción por ser las fianzas defectuosas, los apelantes elevaron ante ella una supuesta justificación de garantía. Sin embargo, no se solicitó permiso para corregir los autos, ni se desprende de tal justificación a cuál de las dos fianzas la misma se refería.

"Ante esa situación, la Corte de Distrito de Bayamón debió haber considerado y resuelto con preferencia a todas las demás la cuestión de jurisdicción plánteádale por el demandante. No habiéndolo hecho así, cometió un error revisable por certiorari. *Pol* v. *Corte,* supra.

"Si al devolvérsele el caso y luego de celebrar una vista—siempre que así lo estimare conveniente—sobre la cuestión de jurisdicción, la corte inferior llegare a la conclusión de que debe declarar con lugar la moción radicada a tal efecto, ella desestimará el recurso, pero si fuere de opinión que tiene tal jurisdicción será su obligación así declararlo y resolver entonces las demás cuestiones que le han sido suscitadas.

"No creemos por ahora necesario determinar si dadas las alegaciones de la demanda la Corte Municipal de Vega Baja tenía jurisdicción para conocer de la misma, si en su consecuencia la de Distrito de Bayamón carecía igualmente de jurisdicción para conocer del recurso para ante ella interpuesto, ni si a la larga, con vista de la Ley núm. 464 de 1946, debe suspenderse el procedimiento de desahucio.

"La orden dictada en 24 de junio de 1947 por la Corte de Distrito de Bayamón será anulada y devuelto el recurso a la misma para ulteriores procedimientos no inconsistentes con esta opinión."

*La sentencia recurrida está bien fundada y debe ser confirmada.*

El Juez Asociado Sr. Marrero se inhibió.