ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV[1]**

| | | |
|---|---|---|
| **VÍCTOR VANDO**<br>PETICIONARIA(S)-RECURRIDA(S)<br><br>**V.**<br><br>**FRANCES MOJICA**<br>PETICIONADA(S)-PETICIONARIA(S) | TA2025CE00228 | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Caso Núm.<br>**SJL284-2025-5494 (602)**<br><br>Sobre:<br>Ley Núm. 284 de 21 de agosto de 1999 (Acecho) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.

*Barresi Ramos*, juez ponente.

## R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 26 de agosto de 2025.

Comparece ante este Tribunal de Apelaciones, la señora **FRANCES MOJICA** (señora **MOJICA**) mediante *Recurso de Apelación Civil* instado el 20 de junio de 2025. En su escrito, nos solicita que revisemos la *Orden de Protección Ex Parte al Amparo de la Ley Contra el Acecho en Puerto Rico* emitida el 18 de junio de 2025 por el Tribunal de Primera Instancia (TPI), Sala Municipal de San Juan.[2] Mediante dicho dictamen, el foro *a quo* decretó una *Orden de Protección Ex Parte al Amparo de la Ley Contra el Acecho en Puerto Rico* con una vigencia hasta el 1 de agosto de 2025.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre *Designación de Paneles en el Tribunal de Apelaciones*.

[2] Esta determinación judicial fue notificada y archivada en autos el 18 de junio de 2025. Apéndice del *Recurso de Apelación Civil,* págs. 4- 9.

**- I -**

El 18 de junio de 2025, en un caso sobre Ley 284 (SJL204-2025-5494), el Tribunal de Primera Instancia, Sala Municipal de San Juan, expidió la *Orden de Protección Ex Parte al Amparo de la Ley Contra el Acecho en Puerto Rico* impugnada. En síntesis, la Parte III sobre *Determinaciones de Hechos* expresa: "A la vista final comparecen las partes por derecho propio. Evaluada la prueba presentada y adjudicada credibilidad, el Tribunal emite las siguientes determinaciones: Las partes son vecinos. La peticionada ha realizado varias querellas infundadas al Departamento de la Familia alegando que el peticionario maltrata su hijo. Las querellas han sido investigadas por el [D]epartamento y han sido archivadas sin fundamento. La peticionada les ha dicho a varias personas que el peticionario vende droga. Se expide orden de protección final por el término de 6 meses". Por otro lado, la Parte V enuncia: "Esta orden estará vigente desde: 18/ junio/ 2025 hasta el 1/ agosto/ 2025".

Ese mismo día, la señora MOJICA recibió una *Citación* en la cual se pautó audiencia.[3]

En desacuerdo, 20 de junio de 2025, la señora MOJICA acudió ante este foro revisor mediante su *Recurso de Apelación Civil*. En su escrito, no señala error alguno. No obstante, alega que ha habido ciertos incidentes entre ellos.[4]

El 30 de julio de 2025, este tribunal intermedio pronunció *Resolución* en la cual concedimos al señor VÍCTOR VANDO un plazo perentorio hasta el 1 de agosto de 2025, a las 12:00 del mediodía, para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Al día de hoy, no hemos recibido contención alguna del señor VANDO.

---

[3] Apéndice del *Recurso de Apelación Civil,* pág. 2.
[4] *Íd.*, pág. 1. El 18 de junio de 2025, en el caso SJL-284-2025-5619, se promulgó una *Resolución sobre Archivo de Petición u Orden de Protección* en la cual se resolvió: "Evaluada la prueba presentada y adjudicada credibilidad, no están presentes los elementos para expedir Orden de Protección al amparo de la Ley 284". Esta acción fue interpuesta por la señora MOJICA.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a las(s) controversia(s) planteada(s).

- II -

- A - *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[5] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[6]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[7] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[8]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[9] La referida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[10] La Regla 52.1 de las de Procedimiento Civil de 2009 instaura que los recursos de *certiorari* deben tramitarse de conformidad con la ley aplicable.[11] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

---

[5] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[6] *Íd.*
[7] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[8] *Íd.*
[9] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[10] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[11] 32 LPRA Ap. V., R. 52.1.

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[12]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[13]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[14] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[15]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el

---

[12] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[13] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra.*
[14] *Íd.*
[15] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

ejercicio de nuestra jurisdicción.[16] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[17] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[18] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación".[19]

Por otra parte, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción.[20] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[21]

En el ámbito judicial, el abuso de discreción puede manifestarse de diversas maneras, entre ellas: "cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos".[22]

---

[16] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[17] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[18] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[19] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.
[20] *García v. Asociación*, 165 DPR 311, 322 (2005); *Rebollo López v. Gil Bonar*, 148 DPR 673, 677 (1999).
[21] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[22] *Pueblo v. Ortega Santiago*, 125 DPR 203, 211-212 (1990).

### - B - *Jurisdicción*

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[23] Por ende, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[24]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia.[25]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[26]

En definitiva, por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción*, solo resta así declararlo y desestimar la reclamación inmediatamente sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[27]

---

[23] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *FCPR v. ELA et al.*, 211 DPR 521 (2023).

[24] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

[25] *Arraiga v. F.S.E.*, 145 DPR 122, 127 (1998), citando a *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950) y *López v. Pérez*, 68 DPR 312, 315 (1948).

[26] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 395 (2022); *Beltrán Cintrón v. ELA*, 204 DPR 89, 101-102 (2020).

[27] *Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499- 501 (2019).

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[28] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[29]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[30]

### - B – *Justiciabilidad*

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[31] Este principio constituye una autolimitación al ejercicio del Poder Judicial de arraigo constitucional y persigue el fin de evitar que se obtenga un fallo sobre una controversia inexistente, una determinación de un derecho antes de que el mismo sea reclamado o una sentencia en referencia a un asunto que, al momento de ser emitida, no tendría efectos prácticos sobre la cuestión sometida.[32] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de

---

[28] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[29] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra*.

[30] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 115- 116, 215 DPR ____ (2025). En lo pertinente, dicha Regla lee:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico.
> (C) El Tribunal de Apelaciones a iniciativa propia podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto.

[31] *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019).

[32] *San Gerónimo Caribe Proyect v. ARPE*, 174 DPR 640 (2008).

legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[33] Así pues, el ejercicio válido del poder judicial sólo se justifica si media la existencia de una controversia real y sustancial.[34]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[35] Como regla general, un caso es *académico* "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia".[36]

- III -

El 18 de junio de 2025, luego de evaluar la prueba desfilada y ante la credibilidad de los testigos en el caso SJL284-2025-5494, el tribunal primario determinó otorgar una *Orden de Protección Ex Parte al Amparo de la Ley Contra el Acecho en Puerto Rico (Orden)* con vigencia hasta el **1 de agosto de 2025**.

Hemos evaluado nuestro legajo y ante el hecho de que ha transcurrido el plazo de vigencia de la *Orden,* entendemos que se ha tornado académica la controversia planteada en el *Recurso de Apelación Civil,* aun cuando esta pudo haber sido justiciable en un inicio. Ante ello, los hechos medulares han cambiado; hay una ausencia de una controversia genuina entre las partes; y carecemos de *jurisdicción* para atender el *Recurso de Apelación Civil.*

---

[33] *Íd.*
[34] *Ortiz v. Panel FEI*, 155 DPR 219 (2001).
[35] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).
[36] *Bhatia Gautier v. Gobernador*, 199 DPR 59 (2017).

## – IV –

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, **desestimamos,** por **academicidad,** el *Recurso de Apelación Civil* entablado el 20 de junio de 2025 por la señora FRANCES MOJICA, y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre con el resultado sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones