ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **ALONDRA CONTRACTORS, CORP.**<br>RECURRENTE(S)<br><br>V.<br><br>**JUNTA DE SUBASTAS DE ADMINISTRACIÓN DE SERVICIOS GENERALES (ASG)**<br>RECURRIDA(S)<br><br>**R & F ASPHALTS UNLIMITED, INC.; MAGLEZ ENGINEERING & CONTRACTORS CORP.; LÍNEAS DE PUERTO RICO, INC.; TEKNIEK CONSTRUCTION; TROPICAL ASPHALT SOLUTIONS CORP.; A & M SOLUTIONS, LLC; DESING BUILD, LLC; SUPER ASPHALT PAVEMENT CORP.; NORVAN GENERAL CONTRACTOR, INC.; PUERTO RICO ASPHALT LLC; PROFESSIONAL ASPHALT LLC; TRANSPORTE RODRÍGUEZ ASFALTO, INC.; JR SITE CONSTRUCTION CORP.**<br>LICITADORES AGRACIADOS<br><br>**OEG SERVICE & CONTRACTOR CORP.**<br>LICITADOR NO AGRACIADO | **KLRA202500157** | ***REVISIÓN DE DECISIÓN ADMINISTRATIVA*** procedente de la **JUNTA DE SUBASTAS DE ADMINISTRACIÓN DE SERVICIOS GENERALES (ASG)**<br><br>Caso Núm.:<br>**RFP 24J-14849**<br><br><br>Sobre:<br>Impugnación de Adjudicación de RFP |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente.

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 24 de abril de 2026.

Número Identificador:
SEN2026_____

Comparece ante este Tribunal de Apelaciones, **ALONDRA CONTRACTORS, CORP.** (**ALONDRA CONTRACTORS**) mediante un *Recurso de Revisión Judicial* incoado el 17 de marzo de 2025. En su recurso, nos solicita que revisemos la *Resolución de Adjudicación* decretada el 24 de enero de 2025 por la **JUNTA DE SUBASTAS DE LA ADMINISTRACIÓN DE SERVICIOS GENERALES** (**JUNTA DE SUBASTAS ASG**).[1] Mediante esta decisión administrativa, se adjudicó la buena pro del RFP 2024J-14849 a favor de **R & F ASPHALTS UNLIMITED, INC., MAGLEZ ENGINEERING & CONTRACTORS CORP., LÍNEAS DE PUERTO RICO, INC., TEKNIEK CONSTRUCTION, TROPICAL ASPHALT SOLUTIONS CORP., A & M SOLUTIONS, LLC, DESING BUILD, LLC, SUPER ASPHALT PAVEMENT CORP., NORVAN GENERAL CONTRACTOR, INC., PUERTO RICO ASPHALT LLC, PROFESSIONAL ASPHALT LLC, TRANSPORTE RODRÍGUEZ ASFALTO, INC.** y **JR SITE CONSTRUCTION CORP.**

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 15 de marzo de 2024, se publicó la *Invitación y Pliego de Solicitud de Propuestas Selladas RFP 24J-14849* (RFP).[2]

El 4 de abril de 2024, se ejecutó la *Enmienda Núm. 1* anunciando recalendarización de las fechas del RFP.[3] Seguidamente, el 15 de abril de 2024, se realizó la *Enmienda Núm. 2* acompañada de la Tabla de Cotizar Enmendada I, el Anejo de Enmienda Núm. 2 y el Manual de Rotulación que tendrían que utilizar para presentar su propuesta.[4] A los pocos días, el 19 de abril de 2024, se efectuó la reunión virtual pre-subasta. La participación en dicha reunión era de carácter obligatorio o compulsorio.

El 3 de mayo de 2024, se avisó la *Enmienda Núm. 3* divulgando nueva fecha límite para contestar las preguntas de los proponentes.[5] De seguida, el

---

[1] Este dictamen administrativo fue notificado y archivado en autos el 24 de enero de 2025. Apéndice del *Recurso de Revisión Judicial,* págs. 1-15.
[2] *Íd.*, págs. 32-444.
[3] *Íd.*, págs. 950-952.
[4] *Íd.*, págs. 953-954.
[5] *Íd.*, págs. 955-956.

7 de mayo de 2024, la *Minuta* se comunicó a los proponentes que participaron de la reunión pre-propuesta.[6] Posteriormente, el 15 de mayo de 2024, se formalizó la *Enmienda Núm. 4* para circular la Tabla de Cotiza Enmendada II; las especificaciones 401 y 702; se dispusieron nuevas fechas para contestar preguntas; y para presentar ofertas (3 de junio de 2024).[7]

El 23 de mayo de 2024, se concretó la *Enmienda Núm. 5* para avisarle a los proponentes sobre los cambios en las fechas de la presentación de las ofertas y el Acto de Apertura.[8] Después, el 31 de mayo de 2024, se concluyó la *Enmienda Núm. 6* con las especificaciones revisadas que los proponentes tendrían que utilizar para presentar sus propuestas.[9] Finalmente, los proponentes debían presentar sus propuestas de forma física y electrónica ante la JUNTA DE SUBASTAS ASG en o antes del 12 de junio de 2024 a las 9:00 de la mañana. Ese mismo día, el *Acto de Apertura* se celebró conforme a la *Enmienda Núm. 6*. A esa fecha, la JUNTA DE SUBASTAS ASG había recibido quince (15) propuestas de los siguientes licitadores:[10]

1. **R & F ASPHALTS UNLIMITED, INC.**
2. **ALONDRA CONTRACTOR CORP.**
3. **MAGLEZ ENGINEERING & CONTRACTORS CORP.**
4. **LÍNEAS DE PUERTO RICO, INC.**
5. **TEKNIEK CONSTRUCTION**
6. **TROPICAL ASPHALT SOLUTIONS CORP.**
7. **A & M SOLUTIONS, LLC**
8. **DESING BUILD, LLC**
9. **SUPER ASPHALT PAVEMENT CORP.**
10. **NORVAN GENERAL CONTRACTOR, INC.**
11. **PUERTO RICO ASPHALT LLC**
12. **OEG SERVICE & CONTRACTOR CORP.**
13. **PROFESSIONAL ASPHALT LLC**
14. **TRANSPORTE RODRÍGUEZ ASFALTO, INC.**
15. **JR SITE CONSTRUCTION CORP.**

Al día siguiente, el 13 de junio de 2024, la JUNTA DE SUBASTAS ASG cursó todas las propuestas para la evaluación del *Especialista del Área de Adquisiciones de la ASG*. El 6 de noviembre de 2024, el DEPARTAMENTO DE

---

[6] Apéndice del *Recurso de Revisión Judicial,* págs. 957-959.
[7] *Íd.*, págs. 960-961.
[8] *Íd.*, págs. 962-963.
[9] *Íd.*, págs. 964-965.
[10] Dichas propuestas fueron presentadas físicamente en la oficina en la fecha y hora límite.

**TRANSPORTACIÓN Y OBRAS PÚBLICAS (DTOP)** tramitó su recomendación sobre las propuestas.

Luego de varios trámites, el 10 de diciembre de 2024, la *Administración Auxiliar de Adquisiciones de la ASG* envió su análisis junto a los expedientes a la **JUNTA DE SUBASTAS ASG**. El mismo día, la **JUNTA DE SUBASTAS ASG** determinó requerir a los proponentes una *Oferta Mejor y Final* (BAFO por sus siglas en inglés), según lo instituye la Sección 7.4.16 y el inciso 7 de la Sección 7.4.18 del Artículo 7.4 del Reglamento Núm. 9230 del 18 de noviembre de 2020, según enmendado.[11]

Ulteriormente, la **JUNTA DE SUBASTAS ASG** difundió que los proponentes calificados eran los siguientes:

1. **R & F ASPHALTS UNLIMITED, INC.**
2. **MAGLEZ ENGINEERING & CONTRACTORS CORP.**
3. **LÍNEAS DE PUERTO RICO, INC.**
4. **TEKNIEK CONSTRUCTION**
5. **TROPICAL ASPHALT SOLUTIONS CORP.**
6. **A & M SOLUTIONS, LLC**
7. **DESING BUILD, LLC**
8. **SUPER ASPHALT PAVEMENT CORP.**
9. **NORVAN GENERAL CONTRACTOR, INC.**
10. **PUERTO RICO ASPHALT LLC**
11. **OEG SERVICE & CONTRACTOR CORP.**
12. **PROFESSIONAL ASPHALT LLC**
13. **TRANSPORTE RODRÍGUEZ ASFALTO, INC.**
14. **JR SITE CONSTRUCTION CORP.**

Así las cosas, el 16 de diciembre de 2024, la **JUNTA DE SUBASTAS ASG** se reunió con las compañías calificadas para aclarar propuestas o requerir datos adicionales. En dicha reunión, se les informó que en o antes de 19 de diciembre de 2024, a las 5:00 de la tarde, debían entregar el BAFO y suministrar lo pedido. El 7 de enero de 2025, la Administración Auxiliar de Adquisiciones de la **ASG** presentó su recomendación final a la **JUNTA DE SUBASTAS ASG**.

El 24 de enero de 2025, la **JUNTA DE SUBASTAS ASG** dictó la *Resolución de Adjudicación* recurrida. El 3 de febrero de 2025, **ALONDRA CONTRACTORS**

---

[11] Apéndice del *Recurso de Revisión Judicial,* págs. 1341-1342.

presentó una *Solicitud de Revisión*.[12] Transcurridos diez (10) días desde la presentación de dicho petitorio, la JUNTA REVISORA DE SUBASTAS ASG no acogió ni se expresó de forma alguna.

Inconforme, el 17 de marzo de 2025, ALONDRA CONTRACTORS entabló ante este Tribunal de Apelaciones un *Recurso de Revisión Judicial.* En el mismo, señala el(los) siguiente(s) error(es):

> Erró y abusó de su discreción la Honorable Junta de Subastas de la ASG al calificar la propuesta presentada por la compareciente y otorgarle una puntuación global de 31, lo que impidió que pueda pasar a la segunda fase de evaluación.

El 19 de marzo de 2025, pronunciamos *Resolución* en la cual concedimos un plazo de treinta (30) días a la JUNTA DE SUBASTAS ASG para presentar su alegato en oposición. El 21 de abril de 2025, la JUNTA DE SUBASTAS ASG presentó su *Alegato de la Administración de Servicios Generales*. Planteó que ALONDRA CONTRACTORS no acompañó junto con su propuesta la Carta de Capacidad de Fianza o "Bond Capacity Letter" requerida en el Anejo IV del pliego, la cual servía para comprobar su capacidad de fianza para el proyecto. Sostuvo que ALONDRA CONTRACTORS incumplió al no incluir otra información y escritos necesarios para evaluar su proposición.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *REVISIÓN ADMINISTRATIVA DE SUBASTAS Y RFP*

La *revisión judicial* de los procedimientos de subastas y de solicitudes de propuestas se rige por principios similares a los que rigen los procesos de adjudicación en la administración pública. En tal sentido, la *revisión judicial* de estos procedimientos "tiene como fin delimitar la discreción de las agencias y asegurarse de que estas desempeñen sus funciones conforme a la

---

[12] Apéndice del *Recurso de Revisión Judicial,* págs. 16-31.

ley".[13]

En el contexto de las subastas y las solicitudes de propuestas, la norma general es que la agencia goza de una amplia discreción en la evaluación de las propuestas.[14] Ello responde a que "la agencia, con su vasta experiencia y especialización, se encuentra, de ordinario, en mejor posición que el foro judicial para determinar el mejor licitador, tomando en consideración los factores esgrimidos tanto por la ley como por su reglamento de subastas".[15] Por la misma razón, existe el reconocimiento de que "las determinaciones de hecho de los organismos administrativos tienen a su favor una presunción de regularidad y corrección que debe ser respetada, mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas".[16]

Una vez adjudicada la *buena pro,* los tribunales debemos evitar sustituir el criterio del organismo administrativo concernido, a menos que se demuestre que la decisión es arbitraria o caprichosa, o que se tomó mediando fraude o mala fe.[17] Por tanto, la *revisión judicial* de este tipo de actuación se debe limitar a evaluar la razonabilidad de la decisión recurrida.[18] Debemos puntualizar que, aun cuando debemos gran deferencia a las decisiones de las agencias administrativas, nada nos impide intervenir cuando estas decisiones son contrarias a derecho.[19]

El Artículo 63 de la Ley 73-2019 concierta que los procedimientos de adjudicación y de revisión de subastas o RFP ante la Junta de Subastas y la Junta Revisora de Subastas de la ASG se dirigirán por los parámetros instituidos por dicha ley y por cualquier disposición compatible de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU).[20] La LPAU, sin embargo, considera la adjudicación de una subasta o RFP como

---

[13] *Torres v. Junta Ingenieros,* 161 DPR 696, 707 (2004).
[14] *Maranello et al. v. O.A.T.,* 186 DPR 780, 792 (2012).
[15] *Torres Prods. v. Junta Mun. Aguadilla,* 169 DPR 886, 898 (2007); *A.E.E. v. Maxon,* 163 DPR 434, 444 (2004).
[16] *Empresas Toledo v. Junta de Subastas,* 168 DPR 771, 783 (2006).
[17] *Maranello et al. v. O.A.T., supra,* pág. 793.
[18] *Accumail P.R. v. Junta Sub. A.A.A.,* 170 DPR 821, 829 (2007).
[19] *A.E.E. v. Maxon, supra,* pág. 445.
[20] Ley Núm. 38-2017, 3 LPRA § 9838.

un procedimiento informal no cuasi judicial, por lo que, lo excluye expresamente de la mayoría de sus disposiciones, y en particular, de los derechos enumerados en su sección 3.1 sobre Carta de Derechos.[21]

Aun así, el derecho a un debido proceso de ley exige que se permita cuestionar la adjudicación final de una subasta o RFP mediante el mecanismo de la *revisión judicial*.[22] Debido a ello, la LPAU sí extendió a las subastas los requisitos del procedimiento de la *revisión judicial*, así como los de la reconsideración.[23] Por la misma razón, y para permitir una adecuada *revisión judicial* por el Tribunal de Apelaciones, se exige una notificación adecuada de la decisión de la agencia. Entonces, "[a]l igual que la subasta formal, el RFP está sujeto a los requisitos de notificación que establece la LPAU, así como a los procedimientos de reconsideración y *revisión judicial* contenidos en dicho estatuto".[24]

Es preciso apuntar que la fase de negociación en un procedimiento de solicitud de propuestas no genera un *derecho adquirido* entre los proponentes.[25] De modo que, "[e]n ausencia de fraude, mala fe o abuso de discreción, ningún postor tiene derecho a quejarse cuando otra proposición es elegida como la 'más ventajosa'. La cuestión debe decidirse a la luz del interés público y ningún postor tiene un derecho adquirido en ninguna subasta".[26]

Por último, la LPAU instaura que la parte perjudicada en una subasta o RFP celebrado por la ASG tendrá **diez (10) días calendario** desde el archivo en autos de la copia de la resolución u orden final para presentar una solicitud de revisión administrativa ante la Junta Revisora de la ASG.[27] A su vez, la Junta Revisora tendrá **diez (10) días calendario** para expresar si

---

[21] *Íd.* § 9641.
[22] *Puerto Rico Asphalt v. Junta*, 203 DPR 734, 740 (2019).
[23] 3 LPRA § 9659 y 9672.
[24] *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 998 (2009).
[25] 3 LPRA § 9834g.
[26] *Great Am. Indem. Co. v. Gobierno de la Capital*, 59 DPR 911, 916 (1942).
[27] 3 LPRA § 9659; 3 LPRA § 9838a. Véase *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685, 706-707 (2024).

acogerá la solicitud de revisión o no.[28] De acogerse, la Junta Revisora de la ASG tendrá **treinta (30) días** desde la presentación de la revisión para resolver, prorrogable *una* vez por **quince (15) días** adicionales.[29] Si la Junta Revisora de la ASG no se expresa en **diez (10) días calendario** sobre la solicitud de revisión administrativa, comienza a transcurrir el término para acudir en revisión judicial ante este foro, al igual que cuando se archiva en autos la copia de la resolución u orden final si esta fue atendida.[30] El término para acudir en revisión judicial de una adjudicación final de subasta o RFP llevada a cabo por la ASG es de **veinte (20) días calendario** y es de carácter *jurisdiccional*.[31]

## - B – *JURISDICCIÓN*

La *jurisdicción* es el poder o la autoridad con la que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[32] Por esto, la falta de *jurisdicción* de un tribunal incide directamente sobre su facultad para adjudicar una controversia.[33]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción,* por ser privilegiadas, deben ser resueltas con preferencia.[34] En definitiva, por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción*, solo resta así declararlo y desestimar la reclamación inmediatamente sin

---

[28] 3 LPRA § 9659; 3 LPRA § 9838c.
[29] *Íd.*
[30] *Íd.*
[31] 3 LPRA § 9672; Art. 5.7 del *Reglamento Uniforme de Compras y Subastas de Bienes, Obras y Servicios No Profesionales de la Administración de Servicios Generales del Gobierno de Puerto Rico*, Reglamento Núm. 9230 de 18 de noviembre de 2020.
[32] *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022), citando a *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385- 386 (2020).
[33] *Allied Mgmt. Group v. Oriental Bank, supra.*
[34] *Arraiga v. F.S.E.*, 145 DPR 122, 127 (1998), citando a *Autoridad sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950) y *López v. Pérez*, 68 DPR 312, 315 (1948).

entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[35]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: (1) priva a un foro judicial del poder necesario para adjudicar una controversia; (2) los tribunales no poseen discreción para asumirla cuando no la tienen; (3) no es susceptible de ser subsanada; (4) las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (5) conlleva la nulidad de los dictámenes emitidos; (6) se impone a los tribunales el ineludible deber de auscultar su propia jurisdicción —y a los tribunales apelativos la obligación de examinar la jurisdicción del foro de donde procede el recurso—; (7) las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y (8) su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[36]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[37] Una vez un tribunal determina que no tiene *jurisdicción*, "*procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos*".[38] Ello sin entrar en los méritos de la controversia ante sí porque un tribunal no puede asumir jurisdicción donde la carece.[39]

---

[35] *Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386-387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-501 (2019).

[36] *Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387.

[37] Véase la Regla 83 (c) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs. 116-118, 216 DPR ____ (2025). Dicho inciso lee:
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o (5) que el recurso se ha convertido en académico.

[38] *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007).

[39] *Íd.,* pág. 882.

Un recurso presentado antes del tiempo correspondiente (prematuro) o luego del plazo aplicable (tardío), *"sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[40] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[41]

**- III -**

En el caso de marras, hemos revisado la *Resolución de Adjudicación* expedida el 24 de enero de 2025 por la Junta de Subastas de la Administración de Servicios Generales. En la misma, se expresa: *"Si la Junta Revisora dejare de tomar alguna acción con relación a la solicitud de revisión dentro del término correspondiente, se entenderá que ésta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial"*.[42] Por lo que, debemos inferir que la *Resolución de Adjudicación* carece del apercibimiento del término dentro del cual la Junta Revisora deberá expresar si acogerá o no la solicitud de revisión. Esto es, dicha determinación no contiene todas las debidas advertencias de ley dirigidas a la parte afectada para que pueda agotar los remedios administrativos o acudir ante el foro revisor. Ante ello, determinamos que este incumplimiento no activó los términos para acudir en revisión administrativa ante este foro intermedio. Por consiguiente, la presentación de este recurso es ***prematura***; estamos privados de *jurisdicción*; y, en consecuencia, procede la *desestimación* por falta de *jurisdicción*.

**- IV -**

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos***, por falta de *jurisdicción*, el *Recurso de Revisión Administrativa* intimado el 17 de marzo

---

[40] *Id.* Véase *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009), citando a *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997); *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).

[41] *S.L.G. Szendrey-Ramos v. F. Castillo, supra*, pág. 882; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008).

[42] Apéndice del *Recurso de Revisión Judicial*, pág. 13.

de 2025 por **ALONDRA CONTRACTORS, CORP.**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Rivera Marchand concurre con el resultado sin opinión escrita.

La Jueza Cintrón Cintrón concurre con la determinación emitida. Sin embargo, entiende que una vez se señala que las advertencias emitidas convierten la notificación en una defectuosa y por tanto procede desestimar por prematuridad, lo que corresponde es devolverlo para una nueva notificación con las debidas advertencias. De igual manera hace constar que el recurso envuelve erogación de fondos públicos, por lo que debió atenderse con mayor celeridad.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones