ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ODETTE M. ROSARIO ALEMÁN, ET ALS<br>Apelante<br><br>v.<br><br>WILFREDO ÁLVAREZ, ET ALS<br>Apelado | KLAN202401052 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número:<br>F DP2015-0193 consolidado con CN2018CV00017<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand[1] y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparecen ante nos la señora Odette Rosario Alemán (señora Rosario Alemán) por sí y en representación de sus dos hijos menores de edad, Carlos David y Christian David, ambos de apellidos Pizarro Rosario; la Sociedad Legal de Gananciales compuesta por ella y el jinete Carlos Pizarro Cruz y la sucesión de Carlos Pizarro Cruz (en conjunto, apelantes) y solicitan que revoquemos una *Sentencia Parcial* notificada el 27 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario).[2] En el referido dictamen, el foro primario ordenó la desestimación con perjuicio y archivo de la demanda sobre daños y perjuicios instada por los apelantes en contra de ACE Insurance Company, Inc. (ACE), hoy Chubb Insurance Company of Puerto Rico (Chubb), Camarero Race Track, Corp. (Camarero), Ervin Rodríguez (señor Rodríguez), Mengana de Tal y la Sociedad Legal de Gananciales compuesta por ambos, Establo Dora Alta (Establo

---

[1] El recurso de epígrafe fue asignado el 6 de noviembre de 2025 a la Jueza Rivera Marchand como jueza ponente.

[2] Apéndice de la *Apelación* presentada el 25 de noviembre de 2025, págs. 1-19.

Número Identificador:

SEN2025_____

Dora), la Confederación Hípica de Puerto Rico (Confederación), Wilfredo Álvarez (señor Álvarez), Fulana de Tal y la Sociedad Legal de Gananciales compuesta por ambos y Jonathan Agosto (en conjunto, apelados).

Por los fundamentos que exponemos a continuación, confirmamos la *Sentencia Parcial* apelada.

**I.**

El presente caso tuvo su génesis el 13 de julio de 2015, cuando los apelantes instaron una *Demanda* de daños y perjuicios contra los apelados, en el caso designado con el alfanumérico F DP2015-0193. En la antedicha acción, arguyeron que, el 12 de julio de 2014, en el Hipódromo Camarero ocurrió un accidente que ocasionó la muerte del jinete Carlos Pizarro Cruz, por lo que, suplicaron el resarcimiento por los daños y perjuicios sufridos.

Luego de varios asuntos procesales innecesarios pormenorizar,[3] el 18 de enero de 2017, los apelantes quienes figuran como los promoventes de la acción, presentaron una *Moción informativa y en solicitud de remedio* en la que solicitaron la desestimación de la demanda por entender que, ACE, Camarero, el señor Rodríguez junto con la Sociedad Legal de Gananciales y el Establo Dora no fueron emplazados conforme exige la Regla 4.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 4.3. Evaluado lo antes, el foro primario, mediante *Orden* emitida el 7 de febrero de 2017, desestimó la demanda, sin perjuicio de conformidad con la

---

[3] Cabe señalar que, el 10 de mayo de 2016, el TPI archivó, sin perjuicio, la causa de acción contra el Estado Libre Asociado de Puerto Rico (ELA) y la Administración de la Industria y el Deporte Hípico. Además, el 29 de agosto de 2016, dictaminó otra *Sentencia Parcial* decretando el archivo, sin perjuicio, del reclamo contra Firemedic Ambulance Service Corp., Jonathan Agosto y la Sociedad Legal de Gananciales compuesta junto a Jane Doe; Asociación de Jinetes de Puerto Rico y su Presidente, Alberto Ojeda. Lo antes, por incumplimiento con la Regla 4.3 (c) de las de Procedimiento Civil de 2009. El 20 de octubre de 2016, el foro primario emitió una tercera *Sentencia Parcial* en virtud de la Regla 39.1 de las de Procedimiento Civil de 2009, en la que ordenó el archivo, sin perjuicio, de la causa contra la Junta Hípica de Puerto Rico; Lcdo. Federico Albandoz; Asociación de Jinetes de Puerto Rico, Inc.; Alberto Ojeda; Jane Doe y la Sociedad Legal de Gananciales y Firemedic Ambulance Service, Corp. Un panel hermano denegó la expedición del auto de *certiorari* promovido por ACE Insurance mediante *Resolución* emitida el 29 de abril de 2019 en el KLCE201900399.

Regla 4.3, *supra.* Ese mismo día, mediante una *Sentencia* notificada en autos dispuso lo siguiente:

> Habiéndose emplazado fuera de los términos de ciento veinte (120) días desde que se expidió el emplazamiento, por la presente **se tiene a la parte actora por desistida y se ordena el archivo del mismo, sin perjuicio**, conforme a la Regla 4.3 (c) de Procedimiento Civil de 2009 para el Tribunal General de Justicia.

El foro primario celebró una vista de estatus durante la cual aclaró que la *Moción informativa y en solicitud de remedios* presentada por los apelantes correspondía a la desestimación parcial contra alguna de las partes en el pleito. En aras de rectificar el referido dictamen anterior, el TPI emitió una *Sentencia Parcial,* el 19 de abril de 2017, *Nunc Pro Tunc* al 7 de febrero de 2017, en la que consignó lo siguiente:

> Atendido el **aviso de desistimiento** presentado [en] corte abierta el 16 de marzo de 2017 en el caso de epígrafe en cuanto a ACE Insurance Company, Camarero Race Track, Edwin Rodríguez y la Sociedad Legal de Gananciales, y Establo Dora Alta, Inc., se declara HA LUGAR dicha petición, **en virtud de las disposiciones de la Regla 39.1(a) (1) de las de Procedimiento Civil vigentes se tiene a la referida parte demandante por desistida, SIN PERJUICIO**, sin especial condena de costas, intereses, ni honorarios de abogado.

Tiempo después, el 16 de febrero de 2018, los apelantes radicaron una segunda *Demanda* (civil núm. CN2018CV00017) contra ACE, Camarero, el señor Rodríguez y la Sociedad Legal de Gananciales, Establo Dora, Confederación y el señor Álvarez junto a su Sociedad Legal de Gananciales, y Jonathan Agosto basada en las mismas alegaciones y súplicas de la primera (caso civil núm. F DP2015-0193). Pendiente lo anterior y los trámites relacionados a los emplazamientos, el TPI ordenó la consolidación de ambos pleitos.

Subsiguientemente, y superados varios asuntos interlocutorios, Camarero y el señor Rodríguez presentaron sus alegaciones responsivas, así como una *Solicitud de Desestimación.* En el petitorio dispositivo, arguyeron que, la reclamación formulada se hallaba prescrita y que el término para instar una nueva

reclamación comenzó a transcurrir el 18 de enero de 2017. Tal fecha, afirmaron, constituye el momento en que los apelantes avisaron sobre el desistimiento de la primera demanda, por lo que, al 16 de febrero de 2018 estaba prescrita la demanda. En desacuerdo, los apelantes alegaron que el término para radicar la segunda demanda comenzó a contar a partir del 19 de mayo de 2017, cuando la *Sentencia Parcial Nunc Pro Tunc,* advino final y firme.

Evaluado lo antes, el 25 de junio de 2024 el foro primario, emitió la *Sentencia Parcial* apelada. En esta destacó que los codemandados levantaron oportunamente de manera expresa en la primera alegación responsiva o contestación a la demanda, la defensa afirmativa de la prescripción. Además, concluyó lo siguiente:

> Así las cosas, aquí estamos ante una situación cubierta por el inciso (a) de la Regla 39.1 según se desprende de la **SENTENCIA PARCIAL** emitida el 19 de abril de 2017, *Nunc Pro Tunc* al 7 de febrero de 2017. El texto de dicha regla no establece la necesidad de obtener una orden del tribunal, para que el demandante pudiera desistir de su acción en contra de los codemandados ACE Insurance Company hoy Chubb Insurance Company; Camarero Race Track; Ervin Rodríguez y la Sociedad Legal de Gananciales; y Estado Dora Alta, Inc. Efectivamente, es el **18 de enero de 2017**, fecha en que los demandantes presentaron la **MOCIÓN INFORMATIVA Y EN SOLICITUD DE REMEDIO**, que comienza el término prescriptivo de un año para ejercer la reclamación judicial. Por tanto, el término prescriptivo venció el **18 de enero de 2018**. Sin embargo, no fue hasta el **16 de febrero de 2018**, que el demandante radicó la segunda demanda contra las partes que había desistido previamente. Por tal razón, la segunda demanda fue radicada en exceso del término de prescripción de un (1) año, dispuesto en el Artículo 1868 del Código Civil de 1930.

Inconforme, los apelantes presentaron una *Moción solicitando reconsideración*[4]. Arguyeron que, la *Sentencia Parcial* notificada el 24 de abril de 2017 fue el dictamen que culminó el asunto de la desestimación de la primera *Demanda*. Por tanto, a su juicio, el

---

[4] Apéndice de la Apelación, págs. 20-28.

término de un año para presentar la segunda *Demanda* no había transcurrido.

En respuesta, los apelados presentaron sus debidas mociones en oposición. Particularmente, ACE sostuvo que los apelantes presentaron su reconsideración de forma extemporánea, lo que generó un defecto jurisdiccional. Argumentaron que, la notificación recibida por ellos el 13 de julio de 2024, sin explicación justificada, evidenciaba el incumplimiento del término de estricto cumplimiento dispuesto en las Reglas de Procedimiento Civil. En virtud de ello, concluyeron que la reconsideración presentada por los apelantes era improcedente.[5]

En su réplica, los apelantes indicaron que el petitorio de reconsideración fue oportunamente radicado el 12 de julio de 2024, dentro del término aplicable. Sin embargo, aun cuando la notificación a las partes se efectuó de manera tardía, dicha dilación se encontraba plenamente justificada debido a las interrupciones en el servicio eléctrico que enfrentó el país durante días adyacentes. Por ello, solicitaron al foro primario que tomara conocimiento judicial y acogiera la reconsideración.[6]

Luego de evaluar las referidas mociones ante su consideración, el TPI emitió una *Resolución* el 16 de septiembre de 2024, notificada el 24 de octubre de 2024, en la cual dictó No Ha Lugar a la *Moción Solicitando Reconsideración.*

Insatisfechos, el 25 de noviembre de 2024, los apelantes comparecen ante esta Curia y señalan que:

> Erró el TPI al desestimar la Demanda en contra de Camarero Race Track Corp. por prescripción, cuando la segunda Demanda presentada en el caso fue presentada dentro del año dispuesto para ello.

> Erró el TPI al desestimar la Demanda en contra de Camarero Race Track Corp. cuando dicha parte llevó a cabo actos afirmativos sustanciales mediante los cuales

---

[5] *Íd.*, págs. 29-33.
[6] *Íd.,* págs. 58-60.

se sometió voluntariamente a la jurisdicción del tribunal.

Erró el TPI al desestimar la Demanda en contra de Chubbs Insurance Co. cuando dicha parte había sido debidamente emplazada de manera independiente a su asegurado, y cuando estaba pendiente de adjudicar una Moción de Sentencia Sumaria que presentó la aseguradora en el caso.

En cumplimiento con nuestro requerimiento, el 26 de diciembre de 2024, Camarero comparece mediante una *Solicitud de Desestimación y Alegato en Oposición*. Análogamente, comparece ACE a través de un *Alegato de la Apelada ACE Insurance Company*.

Pendiente lo anterior, el 10 de enero de 2025, ordenamos a los apelantes a exponer su posición sobre la solicitud de desestimación presentada por Camarero. Con atención a lo ordenado, los apelantes presentaron una *Moción en cumplimiento de Orden sobre notificación de recurso.*

En aras de ejercer adecuadamente nuestra función revisora, emitimos una *Resolución* el 10 de noviembre de 2025, al amparo de la Regla 83.1 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR _ (2025). En esta, ordenamos al Hon. Juez Lizardo W. Mattei Román, a fundamentar la *Resolución* emitida el 16 de septiembre de 2024 y notificada el 24 de octubre de 2024. Lo antes con particular, atención a los fundamentos sustantivos, así como el planteamiento sobre la presunta radicación tardía del petitorio en reconsideración. Asimismo, notificamos que las partes tendrían un término de diez días para exponer posición, una vez el TPI notificara su postura en cumplimiento con lo ordenado.

A tenor con lo anterior, el Hon. Juez Lizardo W. Mattei Román emitió una *Resolución en cumplimiento de Orden* (notificada en autos el 21 de noviembre de 2025) en la que indica que no constituye un defecto fatal la notificación tardía de la moción de reconsideración presentada por los apelantes toda vez que se acreditó la existencia

de justa causa según permite los términos de cumplimiento estricto. Añade que, aunque en un principio los apelantes no incluyeron la justificación, si lo hicieron posteriormente en respuesta a la oposición presentada por ACE mediante *Réplica a Oposición a la Moción Solicitando Reconsideración presentada por Chubbs Insurance.* Aclara que, las alegaciones provistas por los apelantes fueron suficientes como justa causa para acoger el recurso de reconsideración. A saber, los percances de salud, las fallas en el servicio de energía eléctrico y el internet. Reiteró los fundamentos por las cuales concluyó que la causa instada contra ACE Insurance Company, ahora Chubb Insurance Company of Puerto Rico Inc.; Ervin Rodríguez, su esposa y la Sociedad Legal de Gananciales por ellos compuesta; Establo Dora Alta, Inc.; Jonathan Agosto, su esposa y la Sociedad Legal de Gananciales por ellos compuesta, se encuentra prescrita.

Transcurrido el término permitido desde la notificación de la *Resolución En Cumplimiento de Orden* del Juez Mattei Román, procedemos según advertido a resolver el recurso ante nos.

**II.**

**A. La Jurisdicción**

La jurisdicción es la autoridad o el poder de un tribunal para considerar y decidir casos o controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83, resuelto el 21 de agosto de 2025. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 699 (2024). Cónsono con ello, los tribunales debemos ser celosos guardianes de nuestra jurisdicción y, por tanto, debemos atender con preferencia los asuntos concernientes a la jurisdicción. *Mun. Aguada v. W. Const. y Recovery Finance*, 214 DPR 432, 448 (2024). De ese modo, si el tribunal no tiene jurisdicción, solamente

resta declararlo así y desestimar la reclamación, sin entrar en los méritos de la controversia. *Íd.*

Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Es decir, procede la inmediata desestimación del recurso apelativo según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 501 (2019).

A esos efectos, cuando un tribunal determina que carece de jurisdicción, queda obligado a desestimar la causa de acción, sin discreción para asumir jurisdicción sobre dicho asunto. *Mun. Aguada v. W. Const. y Recovery Finance,* supra, pág. 449.

### B. La moción de reconsideración y su efecto interruptor

La Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, establece que el recurso de apelación debe ser presentado dentro del término jurisdiccional de treinta (30) días siguientes al archivo en autos de una copia de la notificación del dictamen recurrido. Como se sabe, si una parte acude al Tribunal de Apelaciones fuera del referido término jurisdiccional, su recurso resultaría tardío. *Pueblo v. Rivera Ortiz,* 209 DPR 402, 415 (2022). Por otro lado, el inciso (g) de la Regla 52.2 de Procedimiento Civil, *supra,* R. 52.2(g), reconoce que el mencionado término de revisión judicial puede ser interrumpido por una oportuna solicitud de reconsideración presentada en virtud de la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 47. *Marrero Rodríguez v. Colón Burgos,* 201 DPR 330, 337 (2018).

Como adelantamos, en conformidad con la actual Regla 47 de las Reglas de Procedimiento Civil, *supra*, una vez se presenta una moción de reconsideración de manera oportuna y fundamentada, se interrumpe el término para recurrir al foro apelativo intermedio. Ese término comienza a transcurrir nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 8 (2014).

No obstante, la interrupción del recurso no opera de manera aislada. El Tribunal de Primera Instancia tiene que determinar el cumplimiento de la moción conforme las exigencias de la Regla 47 de las de Procedimiento Civil, *supra.* A esos fines, el término no se paraliza si no cumple con el requisito de notificar a las demás partes dentro del término de quince (15) días de estricto cumplimiento sobre la presentación de la moción de reconsideración. *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 753 (2023).

Aunque la notificación tardía a las partes no constituye un término fatal, hay una obligación de mostrar justa causa para ello. El tribunal deberá considerar el recurso y dirimir si la justificación es suficientemente razonable para, mediante una excepción, extender el termino y acoger la moción de reconsideración tardía. *Rivera Marucci et al.* v. *Suiza Dairy*, 196 DPR 157, 171 (2016).

### C. El desistimiento

Se ha definido el desistimiento como "[u]na declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente." *Pagán Rodríguez v. Pres. Cáms. Legs,* 206 DPR 277, 285 (2021), citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138. De este modo, por medio del desistimiento una parte

informa su intención de no continuar con la reclamación que interpuso. *Íd.*

La Regla 39.1 de Procedimiento Civil, *supra*, establece de qué manera se puede desistir de una acción. En dicha regla se dispone que el desistimiento puede ser:

> (a) *Por la parte demandante; por estipulación.* Sujeto a las disposiciones de la Regla 20.5, un demandante podrá desistir de un pleito sin una orden del tribunal:
> (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o
> (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.
> (b) *Por orden del tribunal.* A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá a la parte demandante desistir de ningún pleito, excepto mediante orden del tribunal y bajo los términos y condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

El Tribunal Supremo ha tenido la oportunidad de diferenciar entre los desistimientos instituidos en la Regla 39.1 de las de Procedimiento Civil, *supra. Pramco CV6, LLC. v. Delgado Cruz y otros*, 184 DPR 453, (2012). De manera que, la citada regla contempla dos escenarios en los que puede darse el desistimiento de una causa de acción. Al amparo de cualquiera de las dos instancias del inciso (a) de la Regla 39.1 de Procedimiento Civil, *supra*, el derecho de la parte demandante de renunciar a su reclamación es absoluto y nada impide que pueda demandar nuevamente. *Pramco CV6, LLC. v. Delgado Cruz y otros*, supra, pág. 459. Por lo tanto, "**no hay que solicitar autorización al foro judicial ni este interviene en la evaluación de las razones para procurar ese remedio**". *Pagán Rodríguez v. Pres. Cáms. Legs,* supra, pág. 287.

Por otro lado, en el desistimiento de una acción bajo el inciso (b) es necesario que el demandante presente una moción al tribunal,

la cual deberá notificar a todas las partes que han comparecido ante el foro para renunciar en proseguir su reclamo. Bajo este marco el tribunal tiene discreción judicial para finalizar el pleito e imponer las condiciones que estime pertinentes. Ello incluye que el desistimiento sea con perjuicio, lo que impediría que el demandante pueda presentar nuevamente su reclamo. Incluso puede condicionarse el desistimiento al pago de gastos y honorarios de abogado. Por ello, a menos que la orden aceptando el desistimiento no especifique lo contrario, un desistimiento según el inciso (b) será sin perjuicio. *Pramco CV6, LLC. v. Delgado Cruz y otros,* supra, pág. 460-461.

A esos efectos, en lo particular al caso de autos, el Tribunal Supremo ha dispuesto que, **cuando el desistimiento surge al amparo de la Regla 39.1(a) de las de Procedimiento Civil,** *supra*, **el nuevo término prescriptivo comienza a transcurrir a partir de la presentación del aviso de desistimiento**. *García Aponte et al. v. ELA et al.,* 135 DPR 137, 145-146 (1994).

### D. La prescripción extintiva

La prescripción extintiva es un modo de extinguir el derecho a ejercer determinada causa de acción. *SLG Haedo-López v. SLG Roldán-Rodríguez,* 203 DPR 324, 336 (2019). Su propósito es "castigar la inercia y estimular el ejercicio rápido de las acciones". *Íd.*

Particularmente, el Art. 1830 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 5241[7], establece que los derechos y las acciones se extinguen por medio de la prescripción. *Santos de García v. Banco Popular,* 172 DPR 759, 766 (2007). A esos efectos, el Art. 1861 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 5291, dispone que "[l]as acciones prescriben por el mero lapso del

---

[7] Por tratarse de un caso anterior a la vigencia del Código Civil de Puerto Rico de 2020, en el presente recurso haremos alusión al Código Civil de Puerto Rico del 1930.

tiempo fijado por la ley". *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1067 (2020). El propósito de la figura de la prescripción extintiva es ponerles certidumbre a las relaciones jurídicas y castigar la inacción de quien no ejerce sus derechos de manera oportuna. *Íd.,* pág. 1067-1068.

Los términos prescriptivos varían según el tipo de derecho o acción. En lo pertinente al caso de autos, las acciones de responsabilidad civil extracontractual prescriben por el transcurso de 1 año. Art. 1868 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. 5298.

Como se sabe, los términos prescriptivos son susceptibles de interrupción. Estos pueden interrumpirse por su ejercicio ante los tribunales, por la reclamación extrajudicial del acreedor y por cualquier reconocimiento de deuda de parte del deudor. Artículo 1873 del Código Civil de 1930, 31 LPRA sec. 5303. Nótese que, el efecto principal de dicha interrupción es que, el término prescriptivo comienza a transcurrir nuevamente, por entero, desde el momento en que se produce el acto interruptor. *Nevarez Agosto v. United Surety et al.,* 209 DPR 346, 357 (2022).

Lo importante es que el acto interruptor "debe constituir una manifestación inequívoca de quien posee el derecho y opta por ejercerlo, eliminando así la incertidumbre". *Íd.,* citando a *SLG García-Villega v. ELA et al.,* 190 DPR 799, 816 (2014).

En cuanto a la Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.3, establece que la defensa de prescripción extintiva debe formularse de forma clara, expresa y específica al responder una alegación o, de lo contrario, se tiene por renunciada. *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 104 (2002). De no levantar la defensa de manera oportuna, la parte no la puede plantear en ninguna otra etapa posterior del proceso judicial. *Presidential v. Transcaribe,* 186 DPR 263, 285-286 (2012). La excepción a dicha

regla es que la parte conozca, durante el descubrimiento de prueba, que le asiste dicha defensa y enmiende la alegación pertinente. Regla 6.3 de Procedimiento Civil, *supra*.

Ahora bien, los tribunales no pueden levantar *sua sponte* las defensas afirmativas renunciadas, salvo la defensa de falta de jurisdicción sobre la materia. *Presidential v. Transcaribe*, supra, pág. 281. De otra parte, si de las alegaciones de la demanda surge que la acción prescribió, la parte demandada puede presentar una moción de desestimación por prescripción al amparo de la Regla 10.2(5) de Procedimiento Civil. *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1066 (2020). No obstante, cuando la moción de desestimación al amparo de la Regla 10.2 (5) de las de Procedimiento Civil, *supra*, se basa en una de las defensas afirmativas que considera la Regla 6.3 de Procedimiento Civil, *supra*, entre las que se encuentra la prescripción, se entenderán renunciadas las defensas afirmativas si no se plantean en la primera alegación responsiva. *Conde Cruz v. Resto Rodríguez*, supra, pág. 1067.

**III.**

En su recurso, los apelantes levantan la comisión de tres (3) errores los cuales discutiremos conjuntamente por su estrecha relación entre sí. En particular, argumentan que, el foro primario incidió al decretar prescrita su reclamación en el caso Civil Núm. CN2018CV00017 contra Camarero.

Al oponerse al recurso de epígrafe, ACE, hoy Chubbs, destaca que, en ausencia de jurisdicción, este foro apelativo está impedido de atender el recurso ante nos. Particularmente, por notificar la moción de reconsideración a las partes fuera del término de quince (15) días de estricto cumplimiento dispuesto en las Reglas de las de Procedimiento Civil, *supra*. Basado en lo antes, sostiene que el foro primario incidió al acoger el recurso de reconsideración lo cual impide nuestra jurisdicción sobre la presente apelación.

En aras de cumplir adecuadamente nuestra función revisora, esta Curia ordenó al foro primario fundamentar su dictamen. En cumplimiento con lo requerido, el Juez Mattei Román consignó las bases y los fundamentos para sustentar sus determinaciones ejercidas dentro de su sana discreción y conforme a derecho. En particular expuso que, los apelantes replicaron a la oposición presentada por ACE sobre el tema de la supuesta notificación tardía. Justipreciadas las causas expuestas por la falta de notificación dentro del término de estricto cumplimiento, el TPI, en su ejercicio discrecional, acogió la justificación de los apelantes y resolvió el petitorio de reconsideración.

La discreción judicial es aquella forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Reiteradamente, nuestro más alto foro ha establecido que los tribunales apelativos no interferimos con las facultades discrecionales de los foros primarios, excepto cuando se demuestre perjuicio o parcialidad, abuso de discreción o fallo interpretativo. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 210 (2023).

Luego de evaluar las posturas de las partes con el beneficio de la resolución del Juez Mattei Román colegimos que, la parte apelada no nos ha puesto en posición para intervenir con la discreción ejercida por el foro primario. Atendida la moción de reconsideración, conforme permite la normativa antes expuesta, el término para recurrir ante esta Curia quedó interrumpido. En virtud de ello, el término jurisdiccional de treinta (30) días comenzó a decursar a partir de la notificación de la *Resolución*, el 24 de octubre de 2025. Dado que la apelación fue presentada el 25 de noviembre de 2025, este tribunal apelativo ostenta jurisdicción para entender sobre los méritos del recurso presentado. Por tanto, en ausencia de perjuicio, parcialidad o abuso de discreción declaramos no ha lugar la solicitud de desestimación según presentada.

Superado lo anterior de índole jurisdiccional, procedemos a resolver en los méritos.

Según surge del expediente ante nuestra consideración, el 18 de enero de 2017, los apelantes presentaron una *Moción Informativa y en Solicitud de Remedio* en la que los mismos promoventes de la acción, solicitaron la desestimación de su causa, por falta de jurisdicción, en la etapa temprana cuando Camarero ni el señor Rodríguez habían presentado sus alegaciones responsivas. En esta, informaron al TPI que procedía la desestimación de la demanda en virtud de la Regla 4.3(c) de las de Procedimiento Civil, *supra.* En respuesta, el 7 de febrero de 2017, el tribunal dictó una *Sentencia Parcial* en la que ordenó el archivo sin perjuicio de la primera *Demanda,* Civil Núm. F DP2015-0193, a tenor con la Regla 4.3(c) de las de Procedimiento Civil, *supra.* Posteriormente, luego de celebrada una vista de estatus, el foro primario emitió una *Sentencia Parcial Nunc Pro Tunc* en aras de rectificar la anterior *Sentencia Parcial* del 7 de febrero de 2017. **En ella, aclaró que, procedía el desistimiento voluntario en cuanto a ACE, ahora Chubbs, Camarero y otros, en virtud de la Regla 39.1(a) de las de Procedimiento Civil, *supra*.**

A esos efectos es preciso destacar que, la jurisprudencia interpretativa aplicable a cualquiera de las dos instancias del inciso (a) de la Regla 39.1 de Procedimiento Civil, *supra*, dispone que, el derecho de la parte demandante de renunciar a su reclamación es absoluto y nada impide que pueda demandar nuevamente. Es decir, "que no hay que solicitar autorización al foro judicial ni este interviene en la evaluación de las razones para procurar ese remedio". *Pagán Rodríguez v. Pres. Cáms. Legs,* supra, a la pág. 287. Por consiguiente, **cuando el desistimiento surge al amparo de la Regla 39.1(a) de las de Procedimiento Civil, *supra*, el término**

**prescriptivo comienza a partir de la presentación del aviso de desistimiento.** *García Aponte et al. v. ELA et al.*, supra [8]

De nuestra evaluación sosegada del cuadro fáctico procesal se desprende que, el TPI notificó de forma fehaciente que, el petitorio instado por los propios promoventes de la acción constituía un aviso de desistimiento, al amparo de la Regla 39.1(a) de las Reglas de Procedimiento Civil, *supra*. El TPI no incidió al concluir que la presentación del aviso de desistimiento en su primera reclamación de daños constituyó una expresión inequívoca de la voluntad de desistir su reclamo. Ante ello y conforme la normativa antes expuesta, el término prescriptivo para entablar la segunda reclamación en daños contra ACE y Camarero comenzó a contar a partir de la presentación de la *Moción Informativa y en Solicitud de Remedio,* el 18 de enero de 2017. A lo antes añadimos que, dicha determinación le era aplicable tanto a ACE, hoy Chubbs, así como a Camarero, por lo que no procede lo planteado en el tercer error.

Dado que las acciones de responsabilidad civil extracontractual prescriben por el transcurso de un año, a tenor con el Art. 1868 del Código Civil de Puerto Rico, *supra*, el término prescriptivo venció el 18 de enero de 2018. Sin embargo, no fue hasta el 16 de febrero de 2018 que los apelantes radicaron la segunda demanda con el alfanumérico CN2018CV00017. Por consiguiente, la presentación de la segunda demanda es tardía con respecto a los apelados.

De otra parte y en atención al segundo error señalado por los apelantes, corresponde destacar que, nuestro ordenamiento civil dispone sobre cuando se entenderá renunciada las defensas

---

[8] El foro primario correctamente resuelve que la jurisprudencia actual en *Ross Valedon v. Hospital Dr. Susoni Health Community Services, Corp*, 213 DPR 481 (2024) no es de aplicación al presente recurso ante el debido análisis hermenéutico. La demanda en el caso de epígrafe fue archivada en el 2017, mientras que *Ross Valedon v. Hospital Dr. Susoni Health Community Services, Corp,* supra, surgió posteriormente en el 2024.

afirmativas sobre prescripción. A esos efectos, cuando la moción de desestimación al amparo de la Regla 10.2 (5) de las de Procedimiento Civil, *supra*, se basa en una de las defensas afirmativas que considera la Regla 6.3 de Procedimiento Civil, *supra*, entre las que se encuentra la prescripción, se entenderán renunciadas las defensas afirmativas si no se plantean en la primera alegación responsiva.

Según surge del expediente en el caso con el alfanumérico CN2018CV00017 de SUMAC, Camarero presentó sus defensas afirmativas en su contestación a la demanda. En su alegación responsiva, consignó oportunamente que a su entender la demanda estaba prescrita. Dicha postura no fue renunciada a pesar de que haya presentado distintos escritos, mociones y litigado el pleito en cumplimiento de órdenes del foro primario. Añádase que, dicha parte también instó un petitorio de desestimación en el que argumentó que los apelantes dejaron de exponer una causa de acción que justifique la concesión de un remedio, ya que la reclamación estaba prescrita.

Al entender sobre las posturas de las partes colegimos que, los apelados no renunciaron a la defensa de prescripción extintiva al oportunamente incluirla en su primera comparecencia y reiterar su suplica en sus escritos posteriores. Sobre tales bases, el foro primario no falló en su análisis, toda vez que es cónsono con el marco legal aplicable. En su consecuencia, resolvemos que la causa de acción de naturaleza extracontractual instada contra los apelados se encuentra prescrita. Los errores señalados no se cometieron.

**IV.**

Por las razones que anteceden, confirmamos la *Sentencia Parcial* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Barresi Ramos disiente mediante opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| **ODETTE M. ROSARIO ALEMÁN, ET ALS.**<br>DEMANDANTE(S)-APELANTE(S)<br><br><br>V.<br><br><br>**WILFREDO ÁLVAREZ, ET ALS.**<br>DEMANDADA(S)-APELADA(S) | KLAN202401052 | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **CAROLINA**<br><br>Caso Núm.<br>**F DP2015-0193 consolidado con CN2018CV00017 (409)**<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.[1]

**VOTO DISIDENTE DE LA JUEZ BARRESI RAMOS**

En San Juan, Puerto Rico, hoy día 18 de diciembre de 2025.

Por entender que procedía *desestimar* el recurso, por ausencia o falta de jurisdicción, disentimos respetuosamente de la opinión mayoritaria por las razones que expondremos a continuación.

– I –

Encontramos pertinentes a la presente controversia los siguientes hechos e incidentes procesales:

El 13 de julio de 2015, la señora **ROSARIO ALEMÁN Y OTROS** interpusieron una *Demanda* sobre daños y perjuicios a la cual se le asignó el número de caso: F DP2015-0193.[2] En su reclamación, alegaron que el señor **JONATHAN AGOSTO** (señor **AGOSTO**) le pegó con una fusta a la potranca Millionary Move para que entrara a la pista. Expusieron que la yegua

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre *Designación de Paneles en el Tribunal de Apelaciones*.

[2] El 12 de julio de 2014, el señor **CARLOS PIZARRO CRUZ** (señor **PIZARRO CRUZ**) acudió a los predios del **HIPÓDROMO CAMARERO** para llevar a cabo los trabajos matutinos y entrenamiento que realizaba como parte de sus funciones como jinete. Como parte de sus deberes, debía ejercitar mediante "galopes" o briseos a los ejemplares pertenecientes al **ESTABLO OYOLA** y cualesquiera otro que le fuese asignado. A su vez, el señor **JONATHAN AGOSTO** (señor **AGOSTO**), empleado del **ESTABLO DORA ALTA**, trabajaba con la potranca Millionary Move, perteneciente al señor **WILFREDO ÁLVAREZ** (señor **ÁLVAREZ**).

Millionary Move se descontroló y entró a la pista hacia el primer carril, provocando una fuerte colisión que ocasionó que tanto el señor **Carlos Pizarro Cruz** (señor **Pizarro Cruz**) como su ejemplar se cayeran, quedando el señor **Pizarro Cruz** pillado debajo del caballo. Explicaron que, a raíz de la caída, el señor **Pizarro Cruz** sufrió lesiones que le ocasionaron la muerte.

Tiempo después, el 10 de mayo de 2016, el foro primario dictó *Sentencia Parcial* disponiendo el archivo, sin perjuicio, de la causa de acción contra el **Estado Libre Asociado de Puerto Rico (ELA)** y la **Administración de la Industria** y el **Deporte Hípico** por incumplimiento con lo dispuesto por la Regla 4.3 (c) de las de Procedimiento Civil de 2009.[3]

El 29 de agosto de 2016, se expidió una segunda *Sentencia Parcial* decretando el archivo, sin perjuicio, del reclamo contra **Firemedic Ambulance Service Corp., Jonathan Agosto y la Sociedad Legal de Gananciales compuesta junto a Jane Doe; Asociación de Jinetes de Puerto Rico** y su presidente **Alberto Ojeda**, ello por incumplimiento con la Regla 4.3 (c) de las de Procedimiento Civil de 2009.

Seguidamente, el 20 de octubre de 2016, se dictaminó una tercera *Sentencia Parcial* en virtud de la Regla 39.1 de las de Procedimiento Civil de 2009, prescribiendo el archivo, sin perjuicio, de la interpelación contra la **Junta Hípica de Puerto Rico; Lcdo. Federico Albandoz; Asociación de Jinetes de Puerto Rico, Inc.; Alberto Ojeda; Jane Doe y la Sociedad Legal de Gananciales** y **FireMedic Ambulance Service, Inc.**[4]

Luego de varios trámites procesales, el 18 de enero de 2017, la señora **Rosario Alemán y Otros** presentaron *Moción Informativa, y en Solicitud de Remedios* manifestando que **ACE Insurance Company; Camarero Race Track, Corp.; Ervin Rodríguez** y otros no fueron emplazados dentro del término de ciento veinte (120) días dispuesto por la Regla 4.3 (c) de las de

---

[3] No se solicitó revisión de esta decisión.
[4] Tampoco se solicitó revisión de esta decisión judicial.

Procedimiento Civil de 2009 y, ante ello, procedía la desestimación, sin perjuicio, de la *Demanda* en su contra.

Así las cosas, el 7 de febrero de 2017, se dispuso una *Orden* expresando: "Se desestima sin perjuicio a tenor con la Regla 4.3.". Asimismo, ese mismo día, se decidió *Sentencia* exponiendo:

> Habiéndose emplazado fuera de los términos de ciento veinte (120) días desde que se expidió el emplazamiento, por la presente se tiene a la parte actora por desistida y se ordena el archivo del mismo, sin perjuicio, conforme a la Regla 4.3(c) de Procedimiento Civil de 2009 para el Tribunal General de Justicia.

El 16 de marzo de 2017, se celebró una audiencia en la cual se aclaró en corte abierta que la *Moción Informativa y en Solicitud de Remedios* sólo se refería a algunas de las partes en el pleito. Así que, se falló una *Sentencia Nunc Pro Tunc* para aclarar que era una desestimación parcial con respecto a **ACE INSURANCE COMPANY; CAMARERO RACE TRACK; ERVIN RODRÍGUEZ Y LA SOCIEDAD LEGAL DE GANANCIALES;** y el **ESTABLO DORA ALTA, INC.**

A esos efectos, el 19 de abril de 2017, se resolvió una cuarta *Sentencia Parcial Nunc Pro Tunc,* al 7 de febrero de 2017, en la cual se dio por desistida, sin perjuicio, el ruego contra **ACE INSURANCE COMPANY; CAMARERO RACE TRACK, CORP.; ERVIN RODRÍGUEZ, Y LA SOCIEDAD LEGAL DE GANANCIALES;** y el **ESTABLO DORA ALTA, INC.**[5]

Dada esta circunstancia, el 16 de febrero de 2018, la señora **ROSARIO ALEMÁN Y OTROS** presentó una nueva *Demanda* contra las partes **ACE INSURANCE COMPANY; CAMARERO RACE TRACK, CORP.; ERVIN RODRÍGUEZ, MENGANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA; JONATHAN AGOSTO, JANE DOE y la SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA;** y el **ESTABLO DORA ALTA, INC.**[6]

Mas tarde, el 18 de abril de 2018, la señora **ROSARIO ALEMÁN Y OTROS** presentaron una *Moción Informativa sobre Emplazamientos* en la cual esbozaban que habían diligenciado los emplazamientos dirigidos a **ERVIN**

---

[5] Las partes no recurrieron el dictamen adviniendo el mismo final y firme. Ahora bien, la señora **ROSARIO ALEMÁN** entiende que el foro primario no tomó en cuenta que existía una determinación del Tribunal de Apelaciones bajo el caso número **KLCE201900399**.

[6] A esta se le asignó el alfanumérico: **CN2018CV00017**.

RODRÍGUEZ y la SOCIEDAD LEGAL DE GANANCIALES; CAMARERO RACE TRACK CORP.; DORA ALTA FARMS, INC. y ACE INSURANCE COMPANY. Además, notificaron que los demás emplazamientos estaban pendientes de diligenciar. En la misma fecha, se tramitó *Orden* en la cual se le requirió a la señora ROSARIO ALEMÁN Y OTROS informar si habían emplazado a JONATHAN AGOSTO. A los pocos días, el 20 de abril de 2018, mediante *Orden* se consolidó el caso **CN2018CV00017**, con el pleito bajo el número **F DP2015-0193**.

Posteriormente, el 26 de septiembre de 2019, CAMARERO RACE TRACK CORP y el señor ERVIN RODRÍGUEZ presentaron una *Solicitud de Desestimación*. Adujeron que al 16 de febrero de 2018 estaba prescrita la *Demanda*. El 27 de noviembre de 2019, la señora ROSARIO ALEMÁN Y OTROS presentaron su *Oposición de Moción de Desestimación*. Argumentaron que el término prescriptivo comenzó a decursar a partir de la fecha en que la *Sentencia Parcial* advino final y firme.

Subsiguientemente, el 25 de junio de 2024, el foro de instancia determinó la *Sentencia Parcial* apelada. Insatisfechos, el 12 de julio de 2024, la señora ROSARIO ALEMÁN Y OTROS presentaron una *Moción Solicitando Reconsideración*.[7] El 5 de septiembre de 2024, CAMARERO RACE TRACK y el señor ERVIN RODRÍGUEZ presentaron una *Oposición a Moción de Reconsideración* en la cual dilucidaron que se les había notificado tardíamente la *Moción Solicitando Reconsideración*.[8] Ese día, ACE INSURANCE COMPANY presentó su *Oposición a Moción de Reconsideración* en la cual puntualizaron que no se le había notificado oportunamente la *Moción Solicitando Reconsideración*.[9] Entonces, el 13 de septiembre de 2024, la señora ROSARIO ALEMÁN Y OTROS presentaron una *Réplica a Oposición a la Moción Solicitando Reconsideración Presentada por Chubbs Insurance* en la cual arguyeron que había justa causa para la dilación: se encontraba atravesando un problema de salud; tanto el área de San Juan donde ubica la oficina del

---

[7] Apéndice de la *Apelación*, págs. 20- 28.
[8] *Íd.*, págs. 36- 50.
[9] *Íd.*, págs. 29- 33.

abogado como donde se encuentra su residencia en Carolina tuvieron problemas con el servicio de energía eléctrica y esto afecto los equipos de oficina y/o servicio de internet. De este modo, el 16 de septiembre de 2024, se formuló la *Resolución* declarando no ha lugar a la *Moción Solicitando Reconsideración*.[10]

En desacuerdo, el 25 de noviembre de 2024, la señora **ROSARIO ALEMÁN Y OTROS** acudieron ante este foro intermedio revisor mediante *Apelación.* En su recurso, señalaron el(los) siguiente(s) error(es):

> Erró el TPI al desestimar la Demanda en contra de Camarero Race Track Corp. por prescripción, cuando la segunda Demanda presentada en el caso fue presentada dentro del año dispuesto para ello.
>
> Erró el TPI al desestimar la Demanda en contra de Camarero Race Track Corp. cuando dicha parte llevó a cabo actos afirmativos sustanciales mediante los cuales se sometió voluntariamente a la jurisdicción del tribunal.
>
> Erró el TPI al desestimar la causa de acción en contra de Chubbs Insurance Co. cuando dicha parte había [sido] debidamente emplazada de manera independiente a su asegurado, y cuando estaba pendiente de adjudicar una Moción de Sentencia Sumaria que presentó la aseguradora en el caso.

El 26 de diciembre de 2024, **CAMARERO RACE TRACK, CORP.** presentó una *Solicitud de Desestimación y Alegato en Oposición*. Aquel mismo día, **ACE INSURANCE COMPANY** presentó su *Alegato de la Apelada ACE Insurance Company*. El 10 de enero de 2025, intimamos *Resolución* en la cual conferimos un término de diez (10) días para exponer posición sobre la solicitud de desestimación a la señora **ROSARIO ALEMÁN Y OTROS**. El 24 de enero de 2025, la señora **ROSARIO ALEMÁN Y OTROS** presentaron su *Moción en Cumplimiento de Orden sobre Notificación de Recurso*.

- II -

- A - *Reconsideración*

La parte adversamente afectada por una orden, resolución o **sentencia** del Tribunal de Primera Instancia podrá, dentro del término *cumplimiento estricto* o *jurisdiccional* de quince (15) días desde la fecha de

---

[10] Apéndice de la *Apelación*, págs. 58- 60.

archivo en autos de copia de la notificación de la orden, resolución o sentencia, presentar una moción de reconsideración. Dicho escrito debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales atañidas con las determinaciones de hechos pertinentes o conclusiones de derecho.[11] Una vez presentada oportunamente la moción de reconsideración, quedarán interrumpidos los términos para recurrir en alzada para todas las partes luego de la debida notificación.[12] Más, esta paralización es automática desde la presentación de la moción, "siempre y cuando se cumpla con los requisitos de fondo expuestos en la regla".[13] Estos términos "comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración".[14]

No obstante, cuando la moción de reconsideración es presentada fuera del término, la parte afectada solo dispone del tiempo que le resta del término jurisdiccional de treinta (30) días para presentar su apelación o *certiorari*.[15] Una vez transcurrido los mencionados términos, el tribunal pierde fricción sobre el caso.

La **notificación** de cualquier moción de reconsideración a las otras partes tiene un término de *estricto cumplimiento* de quince (15) días, el cual es *simultáneo* con el término de presentación del petitorio.[16]

La parte que incumple con un término de cumplimiento estricto está obligada a mostrar *justa causa* para su tardanza o dilación y, por excepción,

---

[11] *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 337-338 (2018).

[12] Ello dentro del término de cumplimiento estricto o jurisdiccional de quince (15) días.

[13] Informe de Reglas de Procedimiento Civil de marzo de 2008, Secretariado de la Conferencias Judicial y Notarial, pág. 551; *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742 (2023).

[14] Regla 47 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V R. 47. La susodicha Regla, precisa una moción que exponga con suficiente particularidad y especificidad los hechos y el derecho que fundamenta su súplica, así como la notificación adecuada. *Div. Empleados Públicos UGT v. CEMPR, supra*; *Marrero Rodríguez v. Colón Burgos, supra*, pág. 338.

[15] Regla 52.2 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.

[16] *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 749-750 (2023); Regla 47 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V R. 47; *Lagares v. E.L.A.*, 144 DPR 601, 618-619 (1997); *UGT v. CEMPR*, 212 DPR 742, 749-750 (2023).

se podrá entender extendido el término.[17] Es decir, "[n]o constituye un defecto *fatal* la notificación tardía de una moción de reconsideración, si se puede demostrar la existencia de justa causa".[18] Empero, "[l]os tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente".[19] Así, el tribunal no puede considerar un recurso si no se le ha provisto alguna justificación razonable para la tardanza de la presentación de la moción.[20]

"A falta de justa causa o ante excusas vagas y generales los tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto".[21] Para cumplir con el requisito de *justa causa*, se deben proveer "*explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente [sic] por circunstancias especiales*".[22] A saber, es necesario que haya justa causa para la dilación y la parte le demuestre detalladamente al tribunal las razones que culminaron en la tardanza de la notificación o presentación para eximirle del *cumplimiento estricto* con algún término. Como la desestimación es una sanción severa, los tribunales deben concederle una oportunidad para que la parte que incumple satisfaga el requisito de la justa causa para que proceda la extensión solicitada.[23]

Para que el tribunal proceda a extender el término, la parte que pretende exponer la justa causa debe "demostrar [*sic*] detalladamente [...] las bases razonables que tiene para la dilación".[24] Es menester precisar que la parte puede justificar la tardanza antes de que el tribunal se lo requiera.[25]

---

[17] *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 170 (2016), citando a *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 565 (2000).
[18] *Rivera Marcucci et al. v. Suiza Dairy, supra,* pág. 170.
[19] *Íd.,* citando a *Soto Pino v. Uno Radio Group, supra,* pág. 93.
[20] *Íd.,* citando a *García Ramis v. Serrallés,* 171 DPR 250, 254 (2007). El Máximo Foro enfatiza además que "esa actuación errónea no se justificaba con el fundamento de que el Tribunal de Primera Instancia hubiese incurrido en un error de derecho". *Íd.*
[21] *Div. Empleados Públicos UGT v. CEMPR, supra.*
[22] *Div. Empleados Públicos UGT v. CEMPR, supra,* pág. 750; 32 LPRA Ap. V R. 47; *Lagares v. E.L.A., supra,* págs. 618-619. (Énfasis suplido).
[23] *Íd.*
[24] *Íd.,* citando a *Soto Pino v. Uno Radio Group, supra,* pág. 93 y *Pueblo v. Fragoso Sierra,* 109 DPR 536, 539 (1980).
[25] *Íd.,* citando a *Soto Pino v. Uno Radio Group, supra,* pág. 97; *Div. Empleados Públicos UGT v. CEMPR, supra,* págs. 751-752.

En definitiva, debemos puntualizar que:

[L]a moción de reconsideración que no cumpla con las especificidades de esa regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir. Ante estos escenarios, en caso de que una parte haya acudido al Tribunal de Apelaciones fuera del término de 30 días a partir de la notificación de la sentencia del Tribunal de Primera Instancia que interesa revisar, su recurso resultaría tardío.[26]

Esto implicaría que este Foro "tendría la obligación de declararse *sin jurisdicción*, pues sabemos que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción y debe ser desestimado".[27]

### - B - *Jurisdicción*

La *jurisdicción* es el poder o la autoridad con la que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[28] Por ende, la falta de *jurisdicción* de un tribunal incide directamente sobre su facultad para adjudicar una controversia.[29]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción,* por ser privilegiadas, deben ser resueltas con preferencia.[30]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede*

---

[26] *Rivera Marcucci et al. v. Suiza Dairy, supra*, págs. 174, 179. Una moción así presentada no paralizaría el término para acudir a este tribunal.

[27] *Íd.*, pág. 175. (Énfasis suplido).

[28] *Mun. Aguada v. W. Const. y Recovery Finance,* 214 DPR 432 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *FCPR v. ELA et al.*, 211 DPR 521 (2023).

[29] *Allied Mgmt. Group v. Oriental Bank, supra.*

[30] *Arraiga v. F.S.E.*, 145 DPR 122, 127 (1998), citando a *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950) y *López v. Pérez*, 68 DPR 312, 315 (1948).

*presentarse en cualquier etapa de los procedimientos, a instancia de las partes*

*o por el tribunal motu proprio*".[31]

En definitiva, por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción*, solo resta así declararlo y desestimar la reclamación inmediatamente sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[32]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), "*sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*".[33] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[34]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[35]

- III -

En su escrito, la señora **ROSARIO ALEMÁN Y OTROS** afirmó que el tribunal apelado incidió al desestimar la *Demanda* en contra de **CAMARERO**

---

[31] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 395 (2022); *Beltrán Cintrón v. ELA*, 204 DPR 89, 101- 102 (2020).
[32] *Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499- 501 (2019).
[33] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).
[34] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*
[35] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 115- 116, 215 DPR ____ (2025). En lo pertinente, dicha Regla lee:
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico.
> (C) El Tribunal de Apelaciones a iniciativa propia podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto.

RACE TRACK, CORP., por prescripción, cuando la segunda *Demanda* fue presentada dentro del año; al desestimar la *Demanda* en contra de CAMARERO RACE TRACK, CORP., cuando dicha parte llevó a cabo actos afirmativos sustanciales mediante los cuales se sometió voluntariamente a la jurisdicción del tribunal; y al desestimar la causa de acción en contra de CHUBB INSURANCE COMPANY OF PUERTO RICO, cuando dicha parte había [sido] debidamente emplazada de manera independiente a su asegurado, y cuando estaba pendiente de adjudicar una *Moción de Sentencia Sumaria*.

En cambio, CAMARERO RACE TRACK, CORP., sin someterse a la jurisdicción, adujo que se debe confirmar la *Sentencia Parcial* decidida el 25 de junio de 2024.

Justipreciado el expediente físico, así como el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del caso CN2018CV00017, es de notar que el **25 de junio de 2024**, el foro primario prescribió la *Sentencia Parcial* recurrida; y el **12 de julio de 2024**, la señora ROSARIO ALEMÁN Y OTROS presentaron su *Moción Solicitando Reconsideración*. Sin embargo, el **13 de julio de 2024,** la señora ROSARIO ALEMÁN Y OTROS notificaron su petitoria. Debemos colegir que la presentación se realizó dentro del plazo *jurisdiccional* de quince (15) días; y la notificación **no se efectuó** dentro del término de *cumplimiento estricto* de quince (15) días. Esto es, la notificación de la *Moción Solicitando Reconsideración* venció el **12 de julio de 2024**. Como resultado, la señora ROSARIO ALEMÁN Y OTROS **incumplieron** con la Regla 47 de las de Procedimiento Civil de 2009.

Los términos de *estricto cumplimiento* se pueden incumplir solo si se evidencia con suficiencia una *justa causa* para la dilación. En su *Réplica a Oposición a la Moción Solicitando Reconsideración Presentada por Chubbs Insurance*, la señora ROSARIO ALEMÁN Y OTROS razonaron que notificaron tardíamente su *Moción Solicitando Reconsideración* a WILFREDO ÁLVAREZ, ET ALS. debido a que:

"[...] a pesar de que se encontraba atravesando un problema de salud...[...]...la moción no pudo ser notificada en esa misma fecha debido a que tanto el área en San Juan donde ubica la oficina del abogado que suscribe, como donde está su residencia en Carolina, tuvieron problemas con el servicio de energía eléctrica. Esto a su vez afectó los equipos de oficina y/o servicio de internet del abogado que suscribe. [...] durante las fechas 11, 12 y 13 de **julio** de 2024[,] miles de personas en Puerto Rico se vieron afectados adversamente por "apagones" y/o falta de energía eléctrica por diferentes motivos. Debido a ello, al abogado de la parte demandante no le fue posible notificar la copia de la Moción de Reconsideración **hasta el día siguiente, 13 de julio de 2024, en horas de la tarde**. (Énfasis suplido).[36]

Amparados en el hecho de que el término de la notificación de una moción de reconsideración es uno de *cumplimiento estricto*, la señora ROSARIO ALEMÁN Y OTROS le suplicaron al foro inferior que tomara conocimiento judicial sobre el apagón ocurrido en el mes de **julio 2024**. Valga señalar que la *Moción Solicitando Reconsideració*n tiene ponche de presentación de **12 de julio de 2024, 5:02 de la tarde,** ante el Tribunal Superior de Carolina.

Indudablemente, para que se permita la notificación tardía, debe estar justificado el retraso en el escrito de reconsideración o uno posterior **próximo o cercano a la fecha**. Aunque un alegado apagón en determinada área del país pudiera ser una circunstancia que se consideraría como *justa causa*, en este caso no es excusable. Es imperativo destacar que hay otros medios de notificación distintos al correo electrónico, como lo son el envío por el servicio postal (correo), entrega personal, facsímile o mediante medios electrónicos como el celular, que la señora ROSARIO ALEMÁN Y OTROS pudieron haber utilizado para cumplir con su deber de notificar a tiempo.

Si la señora ROSARIO ALEMÁN Y OTROS pudieron **presentar** *personalmente* la *Moción Solicitando Reconsideración* durante el día de la fecha límite -12 de julio de 2024-, ciertamente pudieron haber realizado los

---

[36] Apéndice de la *Apelación*, pág. 52. Es menester mencionar que, dicho escrito está ponchado con fecha de 13 de septiembre de 2024; esto es, sesenta y tres (63) días después de su petitorio de reconsideración. Por ello, no es coetáneo al 12 de julio de 2024, fecha de presentación de la *Moción de Reconsideración*.

trámites correspondientes para notificarles diligentemente a **Wilfredo Álvarez, Et Als.**[37]

Es categórico acentuar que, aunque el foro primario atendió la aludida *Moción Solicitando Reconsideración* al declararla "no ha lugar" en los méritos, esto **no** subsanó el defecto del incumplimiento para con el término de *cumplimiento estricto.* En otras palabras, presentar con especificidad y particularidad su documento, y del mismo modo, notificar un pedido de reconsideración justificando su dilación.[38] Como se ha detallado anteriormente, los tribunales *no* tienen la autoridad para prorrogar un término de *cumplimiento estricto* automáticamente.[39]

A causa de esto, debemos inferir que la *Moción Solicitando Reconsideración* presentada por la señora **Rosario Alemán y Otros** fue tardía, por lo cual **no** interrumpió el plazo *jurisdiccional* de treinta (30) días para presentar su apelación. Esto es, la *Resolución* con fecha de 16 de septiembre de 2024 no tuvo el efecto de interrumpir el término de *jurisdiccional* de treinta (30) días, contados desde el archivo en autos de copia de la notificación de la *Sentencia Parcial* para acudir ante este Tribunal de Apelaciones. Por consiguiente, la señora **Rosario Alemán y Otros** presentaron su recurso **fuera del término prescrito de treinta (30) días** por nuestro ordenamiento. Este incumplimiento nos priva de jurisdicción para atender la controversia planteada.

---

[37] *Rivera Marcucci et al. v. Suiza Dairy, supra*, pág. 178 (2016), afirma que: Si bien las Reglas de Procedimiento Civil disponen varios métodos para que las partes se notifiquen documentos entre sí, ello debe hacerse cumpliendo con los términos que las propias reglas establecen. No puede ser de otra manera. El propósito de estos medios alternos es facilitar los trámites procesales al proveer varias opciones para poder notificar. Pero *esto no puede utilizarse como fundamento para argüir que, **ante la imposibilidad de utilizar el método de notificación de preferencia, no se pudo cumplir con la notificación si la evidencia demuestra que la parte no ejecutó acciones afirmativas para notificar mediante otro método disponible**.* (énfasis nuestro).

[38] Véase *Div. Empleados Públicos UGT v. CEMPR, supra*, pág. 755.

[39] *Íd.*, pág. 751, citando a *Rivera Marcucci et al. v. Suiza Dairy, supra*, pág. 170. Nuestro Más Alto Foro reiteró que: "...se le requiere a la parte que solicite la prórroga o actúe fuera de término que presente, mediante escrito **debidamente evidenciado**, explicaciones concretas y particulares que permitan concluir que hubo una excusa razonable para la tardanza o demora". [...] "A falta de justa causa, o ante excusas vagas y generales, los tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto" (énfasis nuestro).

Por los fundamentos antes expuestos, concluimos que se debió *desestimar* el recurso de *Apelación* instada el 25 de noviembre de 2024 por la señora **ROSARIO ALEMÁN Y OTROS** ante la ausencia o falta de *jurisdicción,* ello en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones.[40]

Eileen J. Barresi Ramos
Juez de Apelaciones

---

[40] Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 115-116, 215 DPR ____ (2025).